## HUMPHREY v. KNOX.

No. 14409.

Court of Civil Appeals of Texas. Dallas.

Nov. 2, 1951.

Dissenting Opinion Nov. 30, 1951.

Rehearing Denied Nov. 30, 1951.

Hamilton & Hamilton, William N. Hamilton, of Dallas, for appellant.

Critz, Kuykendall, Bauknight & Stevenson, of Austin, for appellee.

BOND, Chief Justice.

This appeal is from a summary judgment entered by a District Court of Dallas County on motion of the appellee, made in conformity to Rule 166–A, Texas Rules of Civil Procedure.

The factual background of the suit is that defendant Thomas D. Humphrey, appellant here, was the holder of two workmen's compensation insurance policies issued by Texas Fire & Casualty Underwriters (an insurance exchange), which policies were in force during the time between December 31, 1939 and October 25, 1941, and the premiums booked and earned by said policies between said dates were and are the sum of $5,773.14.

In 1945 Will G. Knox was the receiver of the said insurance exchange, duly appointed by a District Court of Travis County in suit brought by the Attorney General of Texas against said insurance exchange because of its insolvency; and, as a result of that suit, the receiver, acting under the direction of said court, brought an action against Thomas D. Humphrey and 29 other named defendants individually and as representatives of 4,298 unnamed defendants, alleging that all of such defendants were subscribers of said Casualty Underwriters. This subsequent action was in the nature of a class suit brought for the purpose of determining the liability of all such subscribers, collectively and individually, under a reciprocal agreement among themselves, filed with the State Board of Insurance Commissioners; and to fix and levy an assessment against all of such subscribers in accordance with their said agreement. The suit sought no personal judgment by which writ or execution would effect its enforcement. In Howell v. Knox, Tex.Civ.App., 211 S.W.2d 324, the enter-

agreement of said subscribers is fully related and the judgment against the named and unnamed defendants by the District Court of Travis County based upon said agreement was affirmed by the Austin Court of Civil Appeals (writ refused, n. r. e., by our Supreme Court), to which holding we refer as pertinent and controlling here. In Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W.2d 336, error refused, and Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857, certiorari denied by U. S. Supreme Court, 329 U.S. 798, 67 S.Ct. 487, 91 L.Ed. 683, are similar actions supporting the same conclusion.

Before the instant case was brought to trial, Thomas D. Humphrey filed in said cause a plea of privilege in statutory form to be sued in Dallas County, the county of his residence; otherwise made no personal appearance; and it does not appear from the record that such plea of privilege was ever brought to the attention of the trial judge or acted on by the court, or that the plaintiff filed controverting affidavit thereto. In absence of said defendant, and without further citation on him, the cause of action was submitted to the court; whereupon Thomas D. Humphrey was dismissed "as a named defendant, but not as an unnamed defendant"; and in final judgment the liability of all the subscribers, individually and as a class, named and unnamed, was established and the amount of such liability fixed in proportion as to each subscriber. Such judgment expressly directed the said receiver to collect, by suit or otherwise, from each of said policyholders a sum of money equal to the premiums booked and earned on such policies in force and effect during the time between December 31, 1939 and October 25, 1941, with which to pay all subsisting indebtedness of the said insolvent Texas Fire & Casualty Underwriters. This judgment became final as shown in Howell v. Knox, supra.

It will be seen that the aforesaid action was a "class suit" and that the judgment therein merely determined the insolvency of Texas Fire & Casualty Underwriters,—which necessarily involved a determination as to the amount of assets and liabilities of

the insurance exchange, and what amount should be assessed against each of the policyholders in order to raise sufficient funds to pay such liabilities. Rule 42, Texas Rules of Civil Procedure, fully authorizes class suits and judgments where the parties constituting a class are so numerous as to make it impracticable to bring them all before the court by name,—" * * * such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued * * *." Under the express terms of the Rule, Rule 42, all parties at interest are bound by the judgment rendered, and in an ancillary action, as here, the judgment is a liquidated demand to the extent of its decree. It is inconceivable that an action could be effectively brought against a class in order to fairly and truly determine and fix the rights and assessments necessary to be levied, to enable the approximation of the amount of the liability and the percentage of the members, unless all the parties of the class are before the court; and certainly where the parties are so numerous as to make it impracticable to bring them all before the court by name, those who are named act as individuals and in a representative capacity for the unnamed.

In consonance with the direction of the trial court, the receiver instituted the present suit in a District Court of Dallas County against the subscriber, Thomas D. Humphrey, to recover the amount of his assessment as apportioned in the aforesaid class action. To this suit the defendant urges the invalidity of the judgment in the prior class action as against him, because of the court's dismissal of him; that the judgment, as to him, is void, and that the court was without jurisdiction in limiting the dismissal "as a named defendant, but not as an unnamed defendant."

The dismissal of the defendant in the class suit as a named defendant (a representative party), in our opinion did not in any way affect him as a represented party at interest. The trial court had a right to either sustain the defendant's plea of privilege, or dismiss the suit against him as a named party and retain venue of the action against him as a represented, un-

named interested member, to fairly and truly determine the issues involved. So, where a party to a suit, as a named defendant, is dismissed as such, he nevertheless remains in the suit in the class represented by the other named representatives.

The case of Richardson v. Kelly, supra, in legal principle, settles this suit. Kelly was a receiver for an insolvent reciprocal insurance exchange. The same situation is true in the case at bar,—Knox being the receiver for a similar insolvent insurance exchange. In each case the contractual subscribers were both insured and insurers, and each assumed liability by contract in both capacities. In Richardson v. Kelly, the suit was against numerous named and unnamed defendants; Richardson and Houston Transportation Company were named parties, and both filed pleas of privilege. While the pleas of privilege were pending, the court on motion of the receiver Kelly, dismissed the cause "without prejudice". Subsequently Kelly filed a second suit, in effect similar to the first, except that Richardson and the Transportation Company were not named defendants, but unnamed parties at interest. As such, they were not personally served with citation, and had no notice of the second suit. The second suit was truly a class action in which the receiver Kelly made (as did the receiver here) all subscribers, named and unnamed, parties thereto to have their liability as a class adjudicated. Briefly stated, in that action all the subscribers were bound by the judgment, and under the above facts the Supreme Court held in effect that the dismissal in the first suit "without prejudice" did not void the judgment against Richardson and the Transportation Company as unnamed parties in the second suit. We can see no difference in the legal effect of dismissing a class suit in its entirety "without prejudice," and thereafter filing a new suit to the same effect by merely transferring a named defendant to the unnamed class, and the dismissal only of a named defendant in a pending suit, leaving him in as an unnamed defendant. The legal effect in the one is the same as in the other. Such an action merely transforms a named defendant from a repre-

312

sentative party to the status of an unnamed party represented by the other named parties. The dismissal of a named defendant as a representative party does not affect the other representatives in representing him as an unnamed party to the class action.

"Courts of equity have long recognized 'class suits'. Where the persons who are interested in a subject matter of litigation are very numerous, it is impracticable if not impossible to make all of them parties and prosecute the suit to judgment; and hence, in order to prevent a failure of justice, and for the sake of convenience, the court permits less than all of the members of the class to act as representatives of the entire body. Those who are named are the 'parties' to the proceeding; the status of members who have not intervened or been named in the writ or the record is not in strict parlance that of parties." 17 Tex.Jur., p. 25, sec. 22; citing footnote, City of Dallas v. Armour & Co., Tex.Civ.App., 216 S.W. 222, writ refused. The legal effect of the judgment in the class action, supra, dismissing the subscriber Thomas D. Humphrey "as a named defendant, but not as an unnamed defendant," tantamounts, we think, to removing him from the representative class to that of the represented, and the judgment thus rendered is as binding on him as it would have been had he not been named a party-defendant in the first instance.

The court's judgment dismissing Humphrey as a named defendant, but retaining him as an unnamed defendant, is not on its face void. The court had jurisdiction of the subject matter,—the class suit—and, the cause of action being for the sole and only purpose of determining the amount of assets and liabilities of the insolvent insurance exchange, to fix pro rata the amount of assessments against the subscribers to enable the receiver to pay all the indebtedness of the exchange and to make suitable provisions for the collection of such assessments, it is truly a class suit; and where a named defendant, as Humphrey, was removed from the category of named defendants by dismissal, within the contemplation of such actions he remained in the category

of unnamed defendants represented by the remaining named defendants, irrespective of the judgment of the court making the change. In such circumstances, a plea of privilege is not available to such defendant.

If, however, it can be said that the court's judgment in respect to the dismissal of Humphrey "as a named defendant, but not as an unnamed defendant" was error, the court having jurisdiction of the subject matter, such error would not make the judgment within itself and on its face void. At most, it could be said that the judgment is voidable. In which event, the judgment may not be attacked in a collateral proceeding, nor in a direct proceeding except in the court which rendered the judgment. Bridgman v. Moore, 143 Tex. 250, 183 S.W. 2d 705. The mere fact that a plea of privilege was filed by the defendant, and such is recited in the judgment, does not for that reason show that the judgment was void ipso facto.

We have collectively reviewed all of appellant's various points of error; they are overruled. In the light of the record, the judgment of the trial court should be affirmed. It is so ordered.

CRAMER, Justice (dissenting).

The statement of the material facts set out in the majority opinion being substantially correct, they will not be repeated since the writer's dissent is based solely on the legal effect of the undisputed facts.

When Thomas D. Humphrey filed his plea of privilege in the class suit he did not limit or qualify it. After it was filed he was entitled under our statutes to assume the case would be transferred to the county stated therein, unless appellee filed a controverting affidavit and served Humphrey with a proper statutory notice of such filing.

Such controverting affidavit and notice thereon were jurisdictional prerequisites to the trial court's further action against Humphrey except to sustain his plea and transfer the case to the county set out in such plea of privilege. Scruggs v. Gribble, Tex.Civ.App., 41 S.W.2d 643, error refused; Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222.

The Travis County District Court having lost jurisdiction of the defendant Humphrey on filing of his plea of privilege and appellee's failure to properly controvert it, the judgment on the merits, as to Humphrey, was void. Being void, it was subject to collateral attack in this present proceeding.

Appellee's contention that Humphrey, in the Travis County class suit, was dismissed as a party but not as a member of the class, is not tenable since his plea of privilege was still on file and the dismissal as to him, under our Texas decisions had the effect, in that very proceeding, of establishing venue in Dallas County as to him. In other words, venue became res adjudicata by the dismissal.

The Travis County District Court had no jurisdiction over Humphrey in any capacity while the plea of privilege was on file except to transfer the case to Dallas County. The judgment, as to him, was void and could not operate either as res adjudicata or as an estoppel against him in the present suit here in Dallas County wherein his liability, if any, is predicated solely upon findings of fact in the former judgment in the class suit in the Travis County District Court.

The case of Richardson v. Kelly by our Supreme Court, 144 Tex. 497, 191 S.W.2d 857, cited by appellee, is not in point. There the original action after the plea of privilege was filed was nonsuited and dismissed in toto. Thereafter an entirely new and independent suit was filed. Under such circumstances either a plea of privilege or a plea of res adjudicata based on the dismissal after the plea was filed in the former proceeding, was necessary to raise the question of improper venue in the second suit. Without such a pleading in the second suit the judgment therein was neither void nor voidable; therefore not subject in the later filed suit to collateral attack.

The factual difference clearly distinquishes the Richardson case from the one now before us.

Under the writer's view of this case, it should have been reversed and here rendered for appellant; or remanded to per-mit an amendment to include a trial on the issues in the Travis County Class suit; and for that reason I respectfully dissent from the disposition of the appeal by the majority.

On Motion for Rehearing.

BOND, Chief Justice.

In passing on appellant's motion for rehearing, we employ the Comments on class actions in 25 Texas Law Review 64, et seq., pertinent, we think, in many respects to the situation in the present suit; particularly the analysis of the holdings in Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857. We find no reason to change our conclusion reached in our original opinion; appellant's motion for rehearing is overruled.

CRAMER, J., dissents.