French M. ROBERTSON, Petitioner,

v.

BLACKWELL ZINC COMPANY, INC., et al.,
Respondents.

No. A–10536.

Supreme Court of Texas.

April 28, 1965.

Rehearing Denied June 2, 1965.

King, Willoughby, Vletas & Dickenson, Abilene, Clark, Thomas, Harris, Denius & Winters and James H. Keahey, Austin, for petitioner.

Perkins, Bezoni & Kirwan, Stubbeman, McRae, Sealy & Laughlin, Midland, Paul Petty, Ballinger, Black & Stayton, Austin, Hudson, Keltner, Smith & Cunningham, Fort Worth, Phipps, Smith & Alexander, McLeod, Mills, Shirley & Alexander, Galveston, Dean Moorhead, Austin, for respondents.

PER CURIAM.

The Court of Civil Appeals correctly held that there was a defect in parties defendant and that the judgment rendered by the trial court should be reversed and the cause remanded for new trial. Ambassador Oil Co. v. Robertson, 384 S.W.2d 752. The issue upon which this holding was based was properly presented by application for writ of error to the Court of Civil Appeals filed by parties not expressly named as defendants in the plaintiff's trial petition but considered as parties to the suit by the trial court under the doctrine of virtual representation. Rule 42, Texas Rules of Civil Procedure. Such parties did not participate in person or by attorney in the trial before the District Court and hence were not precluded from obtaining appellate review by writ of error because of the provisions of Article 2249a, Vernon's Ann.Tex. Stats.

The holding mentioned supports the order of reversal and remand and the application for writ of error to this Court is "refused, no reversible error." Our action herein is not to be construed as approving or disapproving the other holdings contained in the opinion of the Court of Civil Appeals.