**Steven Jack LORAN, Plaintiff–Appellee,**

v.

**FURR'S/BISHOP'S INC. and Michael J. Levenson, Defendants–Appellees,**

**L.C. Strawn, Appellant.**

No. 92–1954

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 15, 1993.

David B. Zlotnick, Zlotnick & Thomas, Tucson, AZ, for appellant.

Robert F. Claxton, Robert J. Hill, Kilgore & Kilgore, Dallas, TX, for Loran.

Edward P. Welch, Andrew J. Turezyn, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, for Furr/Bishop.

Kent Ronald Hance, John Philip Gamble, Hance & Gamble, Austin, TX, for appellees.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

Steven J. Loran, as class representative, proposed to settle a securities-fraud class-action suit against Furr's/Bishop's, Inc. and Michael J. Levinson. Class member L.C. Strawn felt that the settlement's release provision was too broad and that the district court should insert limiting language in the settlement contract.

Strawn's attorney asked the district court for permission to appear without obtaining local counsel, and explained that Strawn "does not seek to litigate an action in this district, but merely to be permitted to state his objections to a [pending] proposed class action settlement...." Strawn never asked the court for permission to intervene as a party under FED.R.CIV.P. 24. The district court received Strawn's written submissions and provided Strawn a hearing, but ultimately refused to insert the language requested by Strawn.

Strawn then filed a Notice of Appeal in this court, and both parties extensively briefed the issues presented by Strawn. But we have no jurisdiction to consider an appeal by a class member who has not attempted to intervene as a named party. See Walker v. City of Mesquite, 858 F.2d 1071, 1075 (5th Cir.1988).

DISMISSED.