**SAN JUAN 1990–A, L.P., K & W Gas Partners, L.P., MAP 1992–A Partners, L.P., and The Board of Trustees of Leland Stanford Junior University, Non–Profit Corporation, Appellants,**

**v.**

**MERIDIAN OIL INC., Meridian Oil Holding Inc., Meridian Oil Trading Inc., Meridian Oil Production Inc., Meridian Oil Gathering Inc., Meridian Oil Hydrocarbons Inc., El Paso Production Company, Edward Parker, Caroline Altheide and Langdon Harrison, Appellees.**

No. 14–97–00237–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 24, 1997.

Rehearing Overruled Sept. 4, 1997.

W. Earl Touchstone, Houston, Gregory J. Stuckey, Wichita, KS, Solace H. Kirkland, Thomas D. Kitch, Houston, for appellants.

Karen Appel Oshman, H. Lee Godfrey, Kevin Debose, James T. McCartt, Richard Carrell, Daniel M. McClure, Anne Marie Rogers, Joy M. Soloway, William J. Boyce, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

PER CURIAM.

This is an appeal from a judgment approving the settlement of a class action and effectively denying appellants' objection to the settlement agreement. Appellees filed motions to dismiss the appeal for want of jurisdiction. *See* Tex.R.App. P. 72. Because we find the motions meritorious, we dismiss the appeal.

In the underlying class action, originally filed in 1992, Caroline Altheide and Langdon Harrison are the named class representatives (referred to jointly as "Altheide"). The defendants are Meridian Oil Inc. and several of its affiliates (collectively referred to as "Meridian"). The class claims are based upon Meridian's method of calculating payments to its royalty owners and its joint working interest owners in natural gas-producing properties. In summary, the petition alleged that these payments were based on wellhead prices set by a marketing affiliate, rather than upon the actual net proceeds that Meridian received from third parties using actual post-production costs incurred between the wellhead and the downstream point of sale.

After an extensive evidentiary hearing, the trial court certified the underlying suit as a class action in May 1995.[1] The class certification order defined the class both in terms of its members and the class claims. In 1996 the parties reached a settlement agreement, and the trial court preliminarily approved that agreement. Individual notices of the proposed settlement were sent to over 25,000 class members. The class notice advised that class members had the choice to (a) participate in the settlement, or (b) opt out of the class so as to not be bound by the judgment. In addition, the notice set out the procedure for filing an objection to the settlement, informed the members of the time and place for the trial court's hearing to determine the fairness and adequacy of the settlement, and advised that members who filed an objection to the settlement could be heard at the fairness hearing. *See* Tex.R. Civ. P. 42(e).

After class certification, but before the settlement agreement was reached, appellants, San Juan 1990–A, L.P., K & W Gas Partners L.P., MAP 1992–A Partners, L.P., and the Board of Trustees of Leland Stanford Junior University, Non–Profit Corporation, acting as representative plaintiffs of a putative class, filed suit against Meridian in state court in New Mexico in September 1995.[2]

1.  Meridian appealed the class certification order to this court. *See Meridian Oil Inc., et al. v. Altheide and Harrison,* No. 14–95–00619–CV. While that appeal was pending, the parties reached this settlement, and Meridian condition-

ally agreed to the certification of the class. We abated the appeal and remanded the cause to the trial court to consider the settlement.

2.  The pleadings in the New Mexico suit are not part of the record before this court. Appellants

After receipt of the notice of the proposed settlement, appellants were concerned about the effect of the entry of the Texas judgment on their claims in the New Mexico suit. Consequently, appellants followed the procedure set forth in the notice for filing objections to the proposed settlement.[3] They assert, however, that their objections "did not challenge the sufficiency of the class settlement itself," and they "have always been ready to accept the settlement made by the *Altheide* Plaintiffs." Instead, they merely sought inclusion of provisions in the judgment that the settlement did not bar their claims in the New Mexico suit. Appellants did not opt out of the settlement or file an intervention to become named parties in the Texas action. Appellants were represented by counsel who presented their objections at the fairness hearing on November 8, 1996. Despite appellants' objections, the trial court signed the final judgment approving the settlement on November 12, 1996.

■ On November 22, 1996, appellants filed a motion for new trial or, in the alternative, to modify, alter or amend the judgment. The trial court conducted a hearing on appellants' motion on December 11, 1996, and ruled both that appellants had no standing to file the motion and that the motion was without merit. These rulings were incorporated in a written order dated December 16, 1996. Appellants attempted to perfect their appeal by filing a cost bond on February 7, 1997. Appellants filed the transcript, but the statement of facts from the fairness hearing and the hearing on the motion for new trial were not filed timely, and their request for extension was untimely. *See* Tex.R.App. P.

54. Appellants have also filed their brief alleging in two points of error that the trial court abused its discretion in approving the settlement and by failing to include a provision in the judgment stating that appellants' New Mexico claims were not released. Appellants raised no point of error challenging the trial court's ruling that they lack standing to file their post-judgment motion.[4]

Both Meridian and Altheide filed motions to dismiss this appeal for lack of jurisdiction because appellants do not have standing to prosecute the appeal. In addition, because appellants were not named plaintiffs and they failed to intervene, appellees argue that appellants are not "parties" entitled to file a post-judgment motion.[5] *See* Tex.R. Civ. P. 320 (requiring motions for new trial to be signed by *the party* or his attorney); Tex.R. Civ. P. 329b(e) (permitting a new trial if a timely motion for new trial is filed by any *party* ).

■ An unnamed class member is not technically a "party" under the rules. *See Humphrey v. Knox,* 244 S.W.2d 309, 312 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.) (in a class action, "those who are named are the 'parties' to the proceeding; the status of members who have not intervened or been named in the writ or the record is not in strict parlance that of parties"); *City of Dallas v. Armour & Co.,* 216 S.W. 222, 224 (Tex.Civ.App.—Dallas 1919, writ ref'd) (appeals court justices, who were unnamed members of the plaintiff class, were not constitutionally disqualified because they "have

contend they are seeking class certification on behalf of royalty and overriding royalty owners receiving royalty payments from Meridian on gas being produced from the San Juan Basin in New Mexico and are attempting to recover deductions for conditioning expenses not authorized by contract.

3. Three other individuals also objected to the proposed settlement but have not sought to appeal.

4. Appellants' failure to assign error to the trial court's ruling that they had no standing to file their motion for new trial precludes our review of that ruling. An appellate court is not autho-

rized to reverse the judgment of the trial court in the absence of properly assigned error. *Prudential Ins. Co. of Am. v. J.R. Franclen, Inc.,* 710 S.W.2d 568, 569 (Tex.1986); *Gulf Consol. Int'l, Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983).

5. Altheide also alleges that appellants are seeking an impermissible advisory opinion that the Texas judgment will not bar their New Mexico claims under principles of *res judicata.* They assert that a court may not predetermine the *res judicata* effect of its own judgment and the issue is one for the New Mexico court to decide. In view of our disposition of the standing issue, we do not reach this contention.

not intervened or in some authorized manner been made parties on the record").[6]

▪ A non-party's motion for new trial does not normally extend the time for perfecting their appeal. *See State & County Mut. Fire Ins. Co. v. Kelly,* 915 S.W.2d 224, 227 (Tex.App.—Austin 1996, orig. proceeding) (holding that only a motion for new trial filed by a party of record automatically extends the trial court's plenary power); *Southern County Mut. Ins. Co. v. Powell,* 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, no writ) (holding that only parties have standing to file a motion for new trial); *see also* TEX.R.APP. P. 41(a)(1) (permitting perfection of appeal ninety days after judgment if *any party* has timely filed a motion for new trial). Appellants did not request an extension of time for perfecting their appeal under TEX.R.APP. P. 41(a)(2). Therefore, because the appeal bond was filed more than thirty days after judgment, without an effective post-judgment motion to extend the appellate timetable, appellees contend the appeal was not perfected timely. *See* TEX.R.APP. P. 40(a), 41(a), 46, 60(a)(1).

In addition to the issue of appellants' standing to file a post-judgment motion, our analysis of appellants' status is also relevant to their ability to pursue this appeal as an unnamed party. Generally, only parties to an action have standing to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (rejecting application of an exception for persons whose interests are affected by a judgment and stating that "the better practice is for such a non-party to seek intervention for purposes of appeal"). A non-party may properly become a party for purposes of appealing an adverse final judgment by intervening in the action. *Id.* Texas state courts have not directly addressed the issue of the standing of an unnamed class member, who elected not to opt out of a court-approved settlement, to appeal the judgment approving the settlement.[7] Because the federal class action rule is almost identical to the Texas rule, Texas state courts frequently use federal case law for guidance. *See, e.g., General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 954 n. 1 (Tex.1996) ("In our analysis of Texas Rule of Civil Procedure 42, we are guided by analysis of Federal Rule of Civil Procedure 23, from which Rule 42 was derived."); *Ball v. Farm & Home Sav. Ass'n,* 747 S.W.2d 420, 422–23 (Tex.App.—Fort Worth 1988, writ denied) (noting that because rule 42 is patterned after the federal rule, federal decisions and authorities are instructive). The overwhelming majority of federal courts require an unnamed class member to intervene to have standing to appeal.[8] *See, e.g., In re Brand Name Prescription Drugs Antitrust Litigation,* 115 F.3d 456, 457–58 (7th Cir.1997); *Shults v. Champion Internat'l Corp.,* 35 F.3d 1056, 1061 (6th Cir.1994); *Gottlieb v. Wiles,* 11 F.3d 1004, 1009 (10th Cir.1993); *Loran v. Furr's/Bishop's Inc.,* 988 F.2d 554 (5th Cir. 1993); *Croyden Assocs. v. Alleco, Inc.,* 969 F.2d 675, 680 (8th Cir.1992), *cert. denied,* 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993); *Guthrie v. Evans,* 815 F.2d 626, 627 (11th Cir.1987). In *Walker v. City of Mesquite,* the Fifth Circuit specifically held that unnamed class members do not have standing to appeal an order approving a settlement in a class action unless they have intervened in the court below. 858 F.2d 1071, 1074 (5th Cir.1988).

---

**6.** Rule 42 also recognizes that unnamed class members are not "parties" in the traditional sense. *See* TEX.R. CIV. P. 42(f) ("Unnamed class members of a class action are not to be considered as parties for purposes of discovery.") We reject appellants' argument that because the rule expressly refers to "for purposes of discovery," unnamed class members are to be considered as parties for all other purposes.

**7.** The issue of standing was not addressed in *General Motors Corp. v. Bloyed,* 916 S.W.2d 949 (Tex.1996). Moreover, the class in *Bloyed* was a settlement class and the trial court had not made

a prior determination that the class representatives adequately represented the class.

**8.** A minority of federal courts have permitted an unnamed class member to appeal under certain circumstances not present in this case. *See Ace Heating & Plumbing Co. v. Crane Co.,* 453 F.2d 30, 32–33 (3d Cir.1971) (settlement negotiated before the certification of the class and determination of the adequacy of the plaintiffs' representation); *Bell Atlantic Corp. v. Bolger,* 2 F.3d 1304 (3d Cir.1993) (shareholder derivative suit under FED.R.CIV.P. 23.1, which does not offer the same protections as other class suits).

In *Guthrie*, the Eleventh Circuit set forth three reasons for requiring unnamed class members to intervene formally in the action to gain standing to appeal, and other courts have reaffirmed this reasoning as follows:

(1) Unnamed individuals cannot represent the class absent the procedural protections provided for by the class action rules. *See Guthrie*, 815 F.2d at 628 (holding that unnamed class members have no standing to take action on behalf of the class because the court has not made a finding that they are adequate representatives under the rules); *Gottlieb*, 11 F.3d at 1008 (stating that unfettered appeals "would effectively substitute the unnamed members for the certified class representatives," which is inappropriate where the small number of objectors shows "their interests are not compatible with those of the other members of the class").

(2) Class members who disagree with the course of a class action have adequate procedures available through which their individual interests may be protected. Unnamed class members who disagree with the actions taken by the class representatives may (a) seek a separately represented sub-class; (b) ask for replacement of the class representative; (c) intervene in the class action, (d) file their own collateral suit to establish that their interests were not adequately represented, or (e) opt out of the class. *See In re Brand Name Prescription Drugs Antitrust Litigation*, 115 F.3d 456, 457–58; *Shults*, 35 F.3d at 1058–59; *Guthrie*, 815 F.2d at 628 ("With these legal avenues available for individual class members, there is no need to permit an individual to appeal a judgment with which the class representatives, and presumably the majority of class members, are satisfied.")

(3) Class actions would become entirely unmanageable and unproductive if each member had standing to individually appeal a judgment. Permitting direct appeals by individual unnamed class members would necessarily "defeat the very purpose of class action lawsuits." *Guthrie*, 815 F.2d at 629; *see also Gottlieb*, 11 F.3d at 1009 (individual appeals would cause the class action to "break down under the burden of unpredictable and unlimited individual actions").

For authority that an unnamed class member may appeal under the doctrine of virtual representation, appellants rely on *Robertson v. Blackwell Zinc Co.*, 390 S.W.2d 472 (Tex. 1965), and several cases citing *Robertson*. There are several reasons why *Robertson* does not control the standing issue in this case. *Robertson* was an appeal by writ of error and has been cited in other writ of error appeals. An important difference between appeals by writ of error and direct appeals is that in a writ of error, an unnamed class member is asserting individual rights without holding up resolution of the other class members' claims. In addition, the unnamed class members in *Robertson* were not represented by counsel in the trial court as appellants were in this case. The judgment in *Robertson* was entered after a jury trial and was not the result of a court-approved settlement agreement. Another critical distinction, and perhaps the most important difference between *Robertson* and this case, is that *Robertson* was decided before the amendment to the class action rule. As originally written, Rule 42 did not provide a means for objecting class members to opt out of a proposed settlement, and it did not require notice to class members of a proposed settlement in all cases. *See* Tex.R. Civ. P. 42, 3 Tex. B.J. 530 (1940). It was not until the 1977 amendments, enacted to incorporate changes in the federal rule, that the opt out procedure was implemented. *See* Tex.R. Civ. P. 42, 40 Tex. B.J. 563 (1977). Thus, the rationale for permitting an appeal by an unnamed class member who had no notice of settlement, no opportunity to opt out, and no separate representation by counsel is absent in this case. The notice and opt out provisions of the class action rules are "intended to protect the individuals' interest in pursing their own litigation rather than participating in a class action." *Gottlieb*, 11 F.3d at 1009.

The other cases cited by appellants do not support application of the doctrine of virtual representation to these facts. *See Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965) (father who was not a party and whose interests were not represented in adoption proceedings could not appeal but could pursue a bill of review); *Stinger v. Kaiser Engineers Hanford, Inc.,* 1997 WL 80077, No. 14–96–00033–CV, —— S.W.2d —— (Tex.App.—Houston [14th Dist.] Feb. 27, 1997, no writ) (president of corporation had no standing to appeal by writ of error from default judgment entered against corporation); *American Physicians Ins. Exchange v. Cardenas,* 717 S.W.2d 707 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.) (insurer waived any right to appeal it might have had under doctrine of virtual representation by rejecting its right to participate in the trial court); *California & Hawaiian Sugar Co. v. Bunge Corp.,* 593 S.W.2d 739 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (shipowner was not "represented" by the steamship agent and had no standing to appeal by writ of error); *Grohn v. Marquardt,* 487 S.W.2d 214 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.) (remaindermen who were not parties could not appeal because they were not "represented" by the executrix of the will).

We reject appellants' contention that as class members they are "deemed" to be parties for all purposes. The supreme court in *Robertson* implicitly rejected this contention when it held that the court of appeals correctly determined there was a defect in the parties defendant because a class action was insufficient for joinder of indispensable parties. *Robertson,* 390 S.W.2d at 472. Thus, the court recognized a distinction between class members and parties. Likewise, the court in *Humphrey* specifically determined that unnamed parties who have not intervened in a class action are not "parties," even though they are bound by the judgment. *Humphrey,* 244 S.W.2d at 312. The court

based its conclusion on the rationale behind class actions: "Where the persons who are interested in the subject matter of litigation are very numerous, it is impracticable if not impossible to make all of them parties and prosecute the suit to judgment; and hence, in order to prevent a failure of justice, and for the sake of convenience, the court permits less than all of the members of the class to act as representatives of the entire body." *Id.*

We conclude that requiring an unnamed class member to intervene in the action in the trial court to have standing to appeal represents the better reasoned approach. "To allow a nonintervening class member to appeal approval of a settlement would permit one dissident—and there is likely always to be one—to postpone realization of any of the benefits that might otherwise come to the class members and prevent the defendant from settling its liability." *Rosenbaum v. MacAllister,* 64 F.3d 1439, 1442 (10th Cir. 1995) (finding that an appeal of attorney's fees only would not thwart class action policies).

■ By merely objecting to the settlement and appearing by counsel at the fairness hearing, appellants have not intervened. Rule 60 explicitly requires "filing a pleading" to intervene. Tex.R. Civ. P. 60.[9] The rules of pleading apply equally "to intervenors and to parties." Tex.R. Civ. P. 61. Rule 45 expressly defines "pleadings" as a "petition and answer." Tex.R. Civ. P. 45. Filing a petition seeking affirmative relief is "the minimum procedural requirement" to constitute an intervention. *Diaz v. Attorney General of the State of Texas,* 827 S.W.2d 19, 22 (Tex. App.—Corpus Christi 1992, no writ) (holding that the Attorney General's appearance at, and participation in, a hearing did not constitute an intervention).

Appellants' objection in this case is in the nature of a motion. This court has refused to "hold motions as the functional equivalents

---

**9.** "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex.R. Civ. P. 60. In contrast to the federal rule, an intervenor in state court is not required to secure the court's permission to intervene, and

the party opposing intervention has the burden to challenge it by a motion to strike. *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990). We find the distinction in the procedural rules for intervention immaterial to the disposition of this case.

of pleadings" because "insufficient similarities exist between a motion and a pleading to allow them to carry the same legal significance." *Crain v. San Jacinto Sav. Ass'n,* 781 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1989, writ dism'd w.o.j.). "A motion is an application for an order [and it] is not at the same level as a pleading." *Jobe v. Lapidus,* 874 S.W.2d 764, 765–66 (Tex. App.—Dallas 1994, writ denied).

 Appellants complain that the class notice did not advise that they were required to intervene to appeal the final judgment. Notice of a class settlement is not required to give guidance on how to appeal. The same argument was rejected in *Gottlieb,* where the court noted that class action rules require "only notice of the proposed dismissal or compromise, not a tutorial on the Rules of Civil Procedure." *Gottlieb,* 11 F.3d at 1013.

An exception to the intervention requirement may exist when a procedural flaw in the notice of the proposed settlement provided to class members is so deficient that it results in a due process violation. *See Gottlieb,* 11 F.3d at 1012–13. Appellants' complaint is that Meridian is attempting to interpret the settlement terms too broadly in an attempt to preclude their claims in the New Mexico suit. In *Loran,* the Fifth Circuit faced a situation similar to this case. Objecting class member Strawn, who was not a named class representative, "felt the settlement's release provision was too broad and that the court should insert limiting language in the settlement contract." 988 F.2d at 554. The federal appeals court dismissed his appeal because it had "no jurisdiction to consider an appeal by a class member who has not attempted to intervene as a named party." *Id.* Appellants' contention that the settlement notice was deficient for failing to advise them of the preclusive effect of the settlement is also without merit. The notice need not include information about a parallel proceeding in another court. A fully descriptive notice apprising interested persons of the settlement and affording them an opportunity to present their objections, with an explanation of the right to opt out, satisfies procedural due process. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811–12, 105 S.Ct. 2965, 2974–75, 86 L.Ed.2d 628 (1985). The notice in this case met these requirements. Therefore, appellants have not invoked an exception to the intervention requirement.

In conclusion, we hold that appellants lack standing both to file a post-judgment motion to extend the appellate timetable and to bring this appeal without having intervened in the action below. Accordingly, we dismiss the appeal for want of jurisdiction.