**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 99-20467

---

ALLEN L LAMAR; ET AL,

                                              Plaintiffs,

VERSUS

H H COFFIELD, Former Chairman, Texas Board of Corrections; WALTER L PFLUGER, member of Board of Corrections; JAMES M WINDHAM, member, Board of Corrections; LESTER BOYD, member, Board of Corrections; WALTER M MISCHER, member, Board of Corrections; DAVID D ALLEN, member, Board of Corrections; W ERVIN JAMES, Member, Board of Corrections; FRED W SHIELD, member, Board of Corrections; L H TRUE, member, Board of Corrections; GEORGE J BETO, DR, Director of the Texas Department of Corrections,

                                    Defendants - Appellees,

VERSUS

DARREN RENE WILLIAMS,

                                       Movant - Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas, Houston
(72-CV-1393)

---

June 2, 2000

Before DAVIS, DUHÉ and DENNIS, Circuit Judges.

1

PER CURIAM:[*]

Texas prisoner Darren Williams appeals from the district court's denial of his motion to terminate prospective relief in a civil class action with respect to prison conditions.

In October 1972, Texas prison system inmates Allen Lamar and Lorenzo Davis filed this pro se civil rights action against the state for "violations of their rights to be free from the arbitrary infliction of racially segregated facilities." *Lamar v. Coffield,* 951 F.Supp. 629, 630 (S.D. Tex. 1996). On February 16, 1977, the district court for the Southern District of Texas entered an Order certifying the case as a class action and naming three separate classes composed of all past, present and future inmates of the Texas Department of Criminal Justice, Institutional Division. The three classes consist of black inmates who are plaintiffs or plaintiff-intervenors, Hispanic inmates who are plaintiffs or plaintiff-intervenors and a mixed group of white, black and Hispanic defendant-intervenors. In 1977, the district court enjoined the state permanently from racially segregating inmate housing and other facilities "unless an objective assessment showed that integration for a particular prisoner would pose a high likelihood of danger to him or others." *Id.*

On January 29, 1999, Texas prisoner Darren Williams filed in

---

[*]Pursuant to 5th CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

2

the district court a motion to terminate prospective relief in this civil class action with respect to prison conditions under 18 U.S.C. § 3626(b), which, in pertinent part, provides:

> (b) Termination of relief.--
>     (1) Termination of prospective relief.-(A) In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener-...

Williams alleged that he is a plaintiff-intervenor and a member of the Plaintiff class.  The district court summarily denied Williams's motion on April 27, 1999 without assigning reasons.  The record discloses that Williams is neither a named class member nor an intervenor in this class action.  In previous cases we have held that we have no jurisdiction to consider an appeal by a class member who has not attempted to intervene as a named party.  *See Cook v. Powell Buick, Inc.,* 155 F.3d 758, 761 (5th Cir. 1998); *Searcy v. Philips Electronics N. Am. Corp.,* 117 F.3d 154, 156-57 (5th Cir. 1997); *Loran v. Furr's/Bishop's, Inc.,* 988 F.2d 554 (5th Cir. 1993); *Walker v. City of Mesquite,* 858 F.2d 1071, 1074 (5th Cir. 1988)("[T]he better practice...is for nonnamed class members to file a motion to intervene and then, upon the denial of that motion, appeal to this Court.") (citing *Marino v. Ortiz,* 484 U.S. 301 (1988)).  Thus, we are constrained to dismiss the instant appeal for lack of jurisdiction.

DISMISSED.