NUMBER 13-00-377-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MICHAEL NORTHUP AND 

HOMER MAX WIESEN
, Appellants,


v.



SOUTHWESTERN BELL 

TELEPHONE COMPANY, ET AL.
, Appellees.

___________________________________________________________________


On appeal from the 357th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion Per Curiam




 Michael Northrup and Homer Max Weisen have filed notices of
appeal attempting to appeal the settlement of a class action. The
lawsuit was filed over certain fees charged by SWBT. The case settled
for $10 million. The trial court approved the settlement. Northrup and
Weisen are both attempting to appeal the settlement. We dismiss the
notices of appeal for want of jurisdiction. We have addressed Northrup
and Weisen separately, as the issues relevant to each are slightly
different.

(1) Northrup

 Northrup was a member of the class who was not named as a
party. He did not intervene in the class prior to the fairness hearing on
the settlement, nor did he appear at the hearing or opt out of the class. 
He did file an objection to the settlement and a notice of appeal. In the
notice of appeal, he included language indicating that he was "formally
intervening" in the suit.

 There is no binding authority on this issue in Texas. A couple of
courts of appeals have reached similar questions, both holding that the
court had no jurisdiction because the party attempting to appeal was
not a party to the suit below. The federal courts, interpreting a similar
federal rule, are split concerning whether an unnamed class member
may appeal a settlement without formally intervening prior to
settlement.

 The Houston 14th Court has written:


 An unnamed class member is not technically a "party"
under the rules. . . [R]easons for requiring unnamed class
members to intervene formally in the action to gain standing
to appeal . . . [are]:


 (1) Unnamed individuals cannot represent the class
absent the procedural protections provided for by the class
action rules.


 (2) Class members who disagree with the course of a
class action have adequate procedures available through
which their individual interests may be protected. Unnamed
class members who disagree with the actions taken by the
class representatives may (a) seek a separately represented
sub-class; (b) ask for replacement of the class
representative; (c) intervene in the class action, (d) file their
own collateral suit to establish that their interests were not
adequately represented, or (e) opt out of the class.


 (3) Class actions would become entirely unmanageable
and unproductive if each member had standing to
individually appeal a judgment. Permitting direct appeals by
individual unnamed class members would necessarily defeat
the very purpose of class action lawsuits.


San Juan 1990-A, L.P. v. Meridian Oil Inc., 951 S.W.2d 159, 161­63
(Tex. App.--Houston [14th Dist.] 1997, pet. denied).

 This Court also holds that an unnamed class member may not
appeal because he is not--technically--a party to the suit unless he has
filed a formal intervention prior to approval of the settlement.

(2) Weisen

 Weisen was not a member of the class as the class was defined. 
He argues that he was a class member because he was charged the
fees at issue in the litigation, even though they were called something
else.

 Assuming that Weisen is not a member of the class, the San
Antonio court was presented with a similar question in O'Reilly v.
Brodie, 975 S.W.2d 57, 59 (Tex. App.--San Antonio 1998, no pet.). 
First, noting that, "No Texas court has addressed the discrete issue of
whether a non-class member, a "stranger" to the class action suit, has
standing to appeal the judgment approving the settlement," it
explained:

 We begin with the general rule that only parties (named
class members) to a class action have standing to object to
a settlement. See Gould v. Alleco, Inc., 883 F.2d 281, 284
(4th Cir.), cert. denied, 493 U.S. 1058, 110 S.Ct. 870, 107
L.Ed.2d 953 (1989). This general rule is consistent with the
fundamental nature of a class suit as a representative
procedural tool. NEWBERG & CONTE, NEWBERG ON CLASS
ACTIONS § 1.02 (3rd ed.1992). "Where the parties interested
in the suit are numerous, their rights and liabilities are so
subject to change and fluctuation by death or otherwise, that
it would not be possible, without very great inconvenience,
to make all of them parties, and would often time prevent the
prosecution of the suit to a hearing, a portion of the parties
in interest represent the entire body." Id. (quoting Smith et
al. v. Swormstedt et al., 16 How. 288, 302, 14 L.Ed. 942
(1853)). The named class members represent all who share
a common interest but whose joinder is impracticable. Id. In
order to achieve the goals of manageability and efficiency,
only named class members are given standing in the suit. 
See In re Domestic Air Transp. Antitrust Litig., 148 F.R.D.
297, 342-43 (N.D.Ga.1993); see also San Juan 1990-A, 951
S.W.2d at 163. If non-class members were allowed to
object, the court would be forced to examine the effects of
the proposed settlement on an individual whose rights are
not affected by the terms of the settlement; such rule is
contrary to the purpose of the notice requirement. See
Gould, 883 F.2d at 284. In furtherance of due process
concerns, the notice and objection requirement allows those
whose rights and privileges are affected by a class
settlement the opportunity to be heard. It is axiomatic that
only those whose rights and privileges are bound by the
terms of the settlement have standing to object to the
settlement, and by extension, have standing to appeal from
the final order approving the settlement.


 Ultimately, the San Antonio court held that it did not have
jurisdiction to hear an appeal of a class settlement filed by a non-class
member. Id. It reasoned that non-class members are not parties to the
suit, not bound by the terms of the settlement, and have no standing
to appeal the settlement. Id.

 We also dismiss Weisen's notice of appeal for lack of jurisdiction. 
Regardless of whether Weisen was a member of the class or not, he
was at least an unnamed member of the class, and thus, we would
dismiss his notice of appeal for the same reasons we dismissed
Northrup's. A non-member is not a party, but a complete stranger. He
has no standing to appeal.


 PER CURIAM


Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 21st day of December, 2000.