NUMBER
13-00-364-CV





COURT OF APPEALS





THIRTEENTH DISTRICT OF TEXAS





CORPUS CHRISTI

____________________________________________________________________




ROY
L. MALVEAUX, ET AL., Appellants, 



v.





AMERICAN CHROME & CHEMICALS, INC., ET
AL., Appellees. 

____________________________________________________________________




On appeal from the
28th District Court of Nueces
 County, Texas. 

____________________________________________________________________




O P I N I O N





Before Chief Justice Valdez and
Justices Hinojosa and Dorsey 

Opinion Per Curiam





Rev. Roy L. Malveaux appeals from two judgments approving the settlement of
a class action and effectively denying his objections to the settlement
agreements. Because jurisdiction is fundamental, we must determine, sua
sponte, whether this Court has jurisdiction to consider this appeal. H. E. Butt Grocery Co. v. Bay, Inc., 808 S.W.2d 678, 679
(Tex. App.--Corpus Christi 1991, writ denied). Because we do not believe
that oral argument will assist us in determining whether this Court has
jurisdiction to consider this appeal, we deny his request for oral argument. We
dismiss this appeal for want of jurisdiction. 

Background

In the underlying class action, residential property owners filed suit
against various current and former owners and operators of industrial
facilities located along the Corpus Christi Ship Channel. The class members
claimed that these industries polluted the air, soil, and groundwater
appurtenant to their properties, and sought damages for property devaluation
and exemplary damages. Several separate lawsuits involving these claims were
consolidated for purposes of class action certification and discovery. After a
hearing, the trial court certified the underlying suits as a class action in
November 1995. 

Plaintiffs reached a settlement agreement with American Chrome and Chemicals,
Inc. and reached a separate settlement agreement with Coastal Refining and
Marketing, Inc., Coastal Holding Corporation, CIC Industries, Inc., Coastal
States Crude Gathering Company, and The Coastal Corporation (hereinafter
referred to collectively as "Coastal") and The Javelina Company
("Javelina"). In two separate proceedings, plaintiffs moved for
preliminary approval of these settlements and preliminary approval of the
notices of settlement. The trial court granted preliminary approval of the settlements
and notices, and set fairness hearings on the settlements. 

Individual notices of the proposed settlements were sent to identified class members by first class mail, and notices
were published in the local newspaper. The class notices advised that class
members had the choice of (1) participating in the settlements or (2) opting
out of the class, so as to not be bound by any judgment. In addition, the
notices set out the procedure for class members to object to the settlements
and to be heard at the fairness hearings, and informed the members of the time
and place for the trial court's hearings to determine the fairness and adequacy
of the two settlements. See Tex.
R. Civ. P. 42(e). 

Class representatives subsequently filed motions seeking final approval of
the settlements. After the fairness hearings, the trial court approved the
settlements and signed judgments and dismissals with prejudice. Rev. Malveaux
then filed this appeal. 

Standing

The critical issue herein is whether appellants have standing to prosecute
this appeal. Standing is a component of subject matter jurisdiction; it cannot
be waived and may be raised for the first time on appeal. Waco
Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000).
Unnamed class members who have not intervened in a class action lawsuit do not
have standing to appeal a judgment approving a settlement. San Juan 1990-A,
L.P. v. Meridian Oil Inc., 951 S.W.2d 159, 165 (Tex. App.--Houston [14th
Dist.] 1997, pet. denied); see also Entex v. City of Pearland, 990
S.W.2d 904, 912 (Tex. App.--Houston [14th Dist.] 1999, no pet.); O'Reilly
v. Brodie, 975 S.W.2d 57, 59-60 (Tex. App.--San Antonio 1998, pet.
denied). Sound reasons exist for requiring unnamed class members to formally
intervene in the action to gain standing to appeal, including that: (1) unnamed
class members cannot represent the class, absent the procedural protections
provided in the class action rules; (2) class members who disagree with the
course of a class action have adequate procedures available through which their
individual interests may be protected; and (3) class actions would become
"entirely unmanageable and unproductive" if each member had standing
to individually appeal a judgment. See San
 Juan 1990-A, L.P., 951
S.W.2d at 161-63. 

The record reflects that Rev. Malveaux initially served as a named class
representative. However, at his request, Rev. Malveaux was dismissed as a class
representative by court order dated September
 29, 1999. The judgments, dated May 22, 2000, specifically define the named class
representatives, and do not identify Rev. Malveaux as a class representative. 

Despite being dismissed as a class representative, Rev. Malveaux continued
to assert in the underlying proceedings that he considered himself a class
representative, and currently maintains this position on appeal. However, the
record does not substantiate these allegations. Accordingly, we conclude that
Rev. Malveaux was not a named class representative at the time of the
settlements at issue or when the judgments at issue were signed. 

As an unnamed class member, Rev. Malveaux was required to intervene in the
actions in the trial court to have standing to appeal. Id. at
164. Rev. Malveaux did not file a formal petition in intervention in
these matters. Although Rev. Malveaux objected to the settlements, such
objections do not constitute an intervention for the purposes of conferring
standing. 

By merely objecting to the settlement and appearing by counsel at the
fairness hearing, appellants have not intervened. Rule 60 explicitly requires
"filing a pleading" to intervene. Tex.
R. Civ. P. 60. . . . The rules of pleading apply equally "to interveners
and to parties." Tex. R.
Civ. P. 61. Rule 45 expressly defines "pleadings" as a "petition
and answer." Tex. R. Civ. P.
45. Filing a petition seeking affirmative relief is "the minimum
procedural requirement" to constitute an intervention. . . . 



Id. at 165. 

Rev. Malveaux filed numerous letters and motions with the trial court, both
before and after his tenure as a class representative, requesting the
appointment of an ad litem for class members and the recovery of
expenses, and accusing both class counsel and counsel for defendants of a
breach of fiduciary duty. These letters and motions do not take the form of
petitions, nor does the record contain any indication that they were treated as
petitions by the trial court or opposing parties. 

Motions are not the functional equivalents of pleadings; insufficient
similarities exist between a motion and a pleading to allow them to carry the
same legal significance. Id.;
Jobe v. Lapidus, 874 S.W.2d 764, 766 (Tex. App.--Dallas 1994, pet.
denied)("we decline to hold that a motion has the
same legal significance as a pleading"); Crain v. San
 Jacinto Sav. Ass'n, 781 S.W.2d 638, 639 (Tex. App.--Houston [14th
Dist.] 1989, writ dism'd w.o.j.) ("insufficient
similarities exist between a motion and a pleading to allow them to carry the
same legal significance.) We, therefore, conclude that Rev. Malveaux did not
intervene in the lawsuits below. 

Having thoroughly considered the parties' briefs and arguments on the issue
of standing, we hold that appellants lack standing to bring this appeal. We,
therefore, dismiss this appeal for want of jurisdiction. 



Per Curiam 



Do not publish. Tex. R. App.
P. 47.3. 



Opinion delivered and filed this 

the 1st day of February, 2001.