**CHEVRON U.S.A. INC., Gulf Oil Corporation, Mobil Producing Texas & New Mexico, Inc., Mobil Exploration and Producing North America, Inc., Union Oil Company of California, Southland Royalty Company, Atlantic Richfield Company, Exxon Corporation, Meridian Oil Inc., Perry R. Bass, Mivida Partnership, Perry R. Bass, Inc., Maralo, Inc., and Erma Lowe, Appellants,**

**v.**

**Ann Richburg KENNEDY and Charlotte Richburg Woodruff, for Themselves and on Behalf of the Class Comprised of all Owners of Royalty and Other Non-Cost Bearing Interests in Production from Lands and Leases Committed to the Quito (Working Interest) Unit in Reeves and Ward Counties, Texas, Appellees.**

**No. 08–90–00322–CV.**

Court of Appeals of Texas, El Paso.

March 20, 1991.

Rehearing Overruled April 17, 1991.

Charles Tighe, Julia E. Vaughan, Cotton, Bledsoe, Tighe & Dawson, Marc L. Skeen, Michael A. Short, William B. Browder, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, William G. Solomon, Jesse R. Pierce, Porter & Clements, Houston, Robert C. Grable, Wesley N. Harris, Kelly, Hart & Hallman, Fort Worth, for appellants.

William M. Kerr, Jr., Kerr, Fitz-Gerald & Kerr, Michael T. Morgan, Morgan, Ward & Leeton, P.C., Midland, for appellees.

Ted Collins, Jr., John McFarlane, Dell M. Shettle, L.E. Sawyer, Jr., The Carotex Partnership, Midland, James S. Robertson, Jr., Robertson & Miller, Dallas, Ross Citti,

Preston Shirley, Mills, Shirley, Eckel & Bassett, Galveston, for interested parties.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from an order certifying an action as a class action under Tex.R. Civ.P. 42. We affirm.

Under Rule 42, a class action is permissible if: (1) it is so numerous to be impracticable to join all class members; (2) there are common questions of law or fact to the class; (3) the representative parties have claims or defenses typically common to the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The trial court found these circumstances to exist, as well as a maintainable action under Rule 42(b)(4), requiring common questions of law or fact to predominate over questions affecting individual members of the class and the class action to be superior to other available methods for the fair and efficient adjudication of the controversy. The trial court further found that Chevron U.S.A. acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, pursuant to Rule 42(b)(2).

■ Our review of the trial court's determination that this case should proceed as a class action is limited to determining whether the trial court abused its discretion. *Amoco Production Co. v. Hardy*, 628 S.W.2d 813 (Tex.App.—Corpus Christi 1981, writ dism'd). A trial court abuses its discretion by failing to properly apply the law to undisputed facts. *Id.*

■ Appellants' Point of Error No. One questions the trial court's finding that the class is so numerous as to make joinder of all members impracticable.

The class action was developed in equity and in Texas, and was codified in Rule 42 which was based upon Federal Rule 23. 1 R. McDonald, *Texas Civil Practice in District and County Courts* § 3.34.1 at 280 (rev.1981). "Numerosity," as a requirement under the original Rule 23(a), was satisfied when "persons constituting a class are so numerous as to make it impracticable to bring them all before the court." Similarly and without change in substance, the requirement of numerosity under present Rule 23(a)(1) is met if "the class is so numerous that joinder of all members is impracticable." While the attitude taken toward a given number may vary, each opinion reflects a practical judgment on the particular facts of the case. Thus, no hard and fast number rule can or should be stated since "numerosity" is tied to "impracticability" of joinder under the specific circumstances. 3B J. Moore, *Moore's Federal Practice* § 23.05[1] at 138 (1990). "Impracticable" does not mean "impossible." The representatives only need to show that it is extremely difficult or inconvenient to join all the members of the class. 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1762 at 159 (1986).

Appellants contend that the class in question contains no more than twenty members and, therefore, joinder is practicable as a matter of law. Recently, as few as seven have been held to fulfill the numerosity requirement under the particular facts of that case. *Weaver v. Reagen*, 701 F.Supp. 717 (W.D.Mo.1988), *aff'd*, 886 F.2d 194 (8th Cir.1989).

In this case, Appellees Kennedy and Woodruff assert they are owed royalties pursuant to certain oil, gas and mineral leases under a lease known as the Jessie Heard Richburg Lease. This lease was contributed by Gulf Oil Corporation (now Chevron U.S.A. Corp.) to the Quito Unit Operating Agreement. This pooling unit consisted of leasehold interests and unleased mineral interests in 9,885.42 acres of land located in Reeves and Ward counties. Under the operating agreement, each working interest owner owns a specified percentage of the gas produced from the Quito Unit. Chevron U.S.A. owns approximately 32 percent of the gas produced from the Quito Unit.

Fifteen individual proration units were subsequently formed from portions of the acreage committed to the Quito Unit. Some of these proration units also contained acreage that was not committed to the Quito Unit. Portions of the land covered by the Jessie Heard Richburg Lease were included in three of the proration units.

The Superior Oil Company originally served as operator of the Quito Unit. Superior paid royalties on an average proceeds basis based on the sale of production by all the working interest owners until October 1983. Thereafter, under an alleged theory of cross-conveyances between the owners of working interests that granted Chevron U.S.A. a 32 percent ownership interest in all leases in the Quito Unit, Chevron U.S.A. began paying royalties to its royalty owners based upon a 32 percentage computed upon all the royalties due under all the leases contributed to the Quito Unit by all working interests. This significantly lowered the royalty payments that had been made by Chevron U.S.A. to the royalty owners under the leases it had contributed. Appellees claim Chevron U.S.A. is wrongfully retaining the balance of the royalties under leases committed by Chevron U.S.A. to the Quito Unit.

The evidence reflected that the larger royalty owners had commenced litigation over the reduced payments, but the smaller ones had not. The trial court's classification order excluded these pending litigants from the class order as well as any royalty owners who also had working interests. Although Appellants contend that there are no more than twenty identifiable potential class members (providing the four-year statute of limitations excluded the remainder), there was testimony that royalty owners under units that had ceased production were not enumerated. Former owners of royalty interests were not included. The difficulty in the search for the royalty owners not listed, and the possible heirs, devisees and assignees, produce the probability of inexpediency in their joinder, and the inconvenience of trying their individual suits. Point of Error No. One is overruled.

Point of Error No. Two alleges a deficiency of questions of law or fact common to the class.

■ "Questions ... common to the ... class" means questions, which when answered as to one class member, are answered as to all class members. *RSR Corporation v. Hayes*, 673 S.W.2d 928 (Tex. App.—Dallas 1984, writ dism'd). In this case, although the individual amount of royalties due may vary from class member to class member, the standard conduct of Chevron U.S.A., the questions as to cross-conveyances and the resultant proportionately diminished royalties or the wrongfully withheld royalties are relative to all potential class members. Point of Error No. Two is overruled.

■ Points of Error Nos. Three and Four contend the Appellees failed to demonstrate that their claims are typical of the class, and they cannot fairly and adequately protect the interest of the class. As discussed under Point of Error No. Two, the claims of the Appellees stem from a single event (cross-conveyances) or are based upon the same legal or remedial theory (wrongfully withheld royalties). The "typicality" requirement is satisfied when the evidence shows that the claims or defenses of the class representative have the same essential characteristics as those of the class as a whole. *Wiggins v. Enserch Exploration, Inc.*, 743 S.W.2d 332, 334 (Tex.App.—Dallas 1987, writ dism'd w.o.j.). The claims or defenses need not be identical or perfectly coextensive, only substantially similar. *Id.* Appellants contend that the differences of the individual class claims prevent any common or typical nexus between class members from predominating. They maintain that because the class members are royalty owners under different leases with different terms, that because members are subject to different proration unit requirements that vary royalty evaluation from unit to unit, that because some royalty payments are based on market value of the gas produced and others on the proceeds of sale of gas produced, that because some of the gas is subject to "on lease" disposition and other subject

to "off lease" placement and that because some of the royalty owners have executed division orders, the Appellees' claims are not only untypical, but their ability to fairly and adequately protect the interest of the class is undermined. Although the class interests may vary, they are not competing interests within themselves. The absence of antagonism is a vital element in determining whether the representatives will fairly and adequately represent the class interests. *Wiggins* at 335. It is important to note that if the trial court subsequently determines that the representation is not adequate, it has authority under Rule 42(c)(1) to alter, amend or withdraw the class determination. It can designate subclasses under Rule 42(d) to assure adequate representation to a particular group with a particular problem. This flexibility accommodates the trial court's finding that the class members' common interests predominate over any class differences. Points of Error Nos. Three and Four are overruled.

Accordingly, it is our holding that the trial court did not abuse its discretion in concluding that this action is certifiable as a class action.

The order of the trial court is affirmed.