Brian PETERS, Cherie Robinson, Sherita Harrison, Scott Crutchfield, and Ivan Mickey Holtzman, Appellants,

v.

BLOCKBUSTER, INC., and Kim Ann Scott and Malia Knight, Individually and as Class Representatives, Appellees.

No. 09–01–172 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 15, 2001.

Decided Dec. 4, 2001.

Greg Thompson, John Cowan, Provost & Umphrey, Beaumont, Dennis Gibson, Gibson, McClure, Wallace & Daniels, L.L.P., David M. Pruessner, Law Office of David M. Pruessner, Dallas, John W. Thomas, Brothers & Thomas, L.L.P., Austin, David Markham, Blumenthal & Markham, La Jolla, CA, Vaughan O. Stewart, Lake Jackson, Ethan L. Shaw, Moore, Landrey, L.L.P., Beaumont, for appellants.

D. Allan Jones, Orgain, Bell & Tucker, Beaumont, Robert C. Walters, Thomas S. Leatherbury, Alan B. Daughtry, Vinson & Elkins, L.L.P., Dallas, Timothy W. Ferguson, Ferguson Firm, Beaumont, G. Kevin Buchanan, Edmund Rugger Burke, III, Buchanan & Burke, L.L.P., Dallas, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

This appeal involves one of many pending dueling class actions against Blockbuster, Inc. All the class actions relate to Blockbuster's charging of fees for rental items. The plaintiffs, Kim Ann Scott and Malia Knight, and Blockbuster settled the case below and the trial court certified a class for settlement purposes. Appellants, Brian Peters, Scott Crutchfield, Ivan Mickey Holtzman, Cherie Robinson, and Sherita Harrison are unnamed members of the proposed class. In general they claim on appeal that this class should be decertified because of claimed procedural irregularities and because the plaintiffs are allegedly not adequate class representatives or their claims are not typical of the class. In addition, this appeal challenges the class notice, the amendments to the order while this appeal was pending, and the trial court's proceeding with this case despite the existence of "more mature" cases. Blockbuster, Scott, and Knight respond that the trial court acted appropriately, that plaintiffs are adequate representatives of the class, and that their claims are typical of the class. We affirm for the reasons stated below.

## FACTS

On March 29, 2000, plaintiff Kim Ann Scott ("Scott") filed this class action against Blockbuster, Inc. She seeks recovery for allegedly excessive and unauthorized fees. Scott's original petition defined the class to include all Blockbuster members who paid "fees" to Blockbuster, Inc. or any of its franchisees between March 27, 1996, and February 22, 2000, for failing to return rental items within the designated rental viewing period. The dates of the alleged class period are significant because after February 2000 Blockbuster modified its fee policy. Before February 2000, Blockbuster charged fees for rental items returned after the initial rental period on a per diem basis. The customer paid a fee, which was a set sum less than the total rental price, for every day a rental item was kept beyond the initial rental period. After February 2000, Blockbuster charged a fee equal to the original rental price and extended the rental period for an additional length of time equal to the initial rental period.

The case was developed through discovery. Motions for summary judgment and responses with supporting proof were then filed. In the interim, Malia Knight, a plaintiff in another Texas court, obtained a partial summary judgment against Blockbuster. Plaintiff Scott brought this ruling to the trial court's attention and incorporated the *Knight* legal ruling into her pending summary judgment motions. Settlement discussions ensued.

On April 11, 2001, plaintiff Scott filed her Third Amended Petition for Class Action ("petition"), and added Knight as a named plaintiff. This petition claimed that a portion of the "extended viewing fees" incurred by Blockbuster members from January 1992 to April 2001 were unlawful. The claims for "extended viewing fees" expressly included fees charged for the return of rental items after the initial rental period (both on a *per diem* basis and on a rental period basis) and fees charged for failure to return rental items at all (also known as non-returns) as follows: .

> This is a civil action seeking to certify a class consisting of all persons who have paid "extended viewing fees" ("fees") to BLOCKBUSTER for failure to return [rental items] within the "initial rental viewing period," *as well as on behalf of those persons who have paid fees for [rental items] not returned at all.*

(emphasis added). The petition alleged claims under both types of fee programs.

Also on April 11, 2001, the parties jointly moved for preliminary approval of their Settlement Agreement and preliminary certification of a class for settlement purposes only. The agreement, as set out in pertinent part below, expressly required that the preliminary certification be withdrawn if the settlement were to fail:

> Plaintiffs and Class Counsel agree that certification of the Settlement Class is for settlement purposes only, and further agree that the certification of the Settlement Class shall not be used to urge that a litigation class should be certified against Blockbuster in the event that this settlement is not finally approved for any reason. In the event this settlement is not approved, Blockbuster retains the right to object to the maintenance of this or any other action as a class action and to contest this or any other action on any other grounds.

The Settlement Agreement provided for the preliminary certification of a class of "[a]ll members of Blockbuster who incurred an extended viewing fee ("EVF") between January 1, 1992, and April 1, 2001." The agreement also defined "extended viewing fee" broadly to cover claims under both types of fee programs, as follows:

"Extended viewing fees" as used in this Agreement, includes *all fees* (regardless of the terminology used) that are charged by Blockbuster for the retention by Blockbuster members of rental items for additional time beyond the initial viewing period.

(emphasis added).

The trial court considered the Third Amended Petition and the Settlement Agreement and signed its Preliminary Order Approving Class Settlement. The order preliminarily certified the settlement class, as set out above, and included claims arising under both types of fee programs. Further, the class settlement addressed the scope of participation by Blockbuster franchisees—if the franchisees chose not to participate, the claims against them would not be released. Finally, the preliminary order cautioned that it was just that—preliminary:

> The Court *preliminarily* finds that the prerequisites of Rule 42 of the Texas Rules of Civil Procedure have been satisfied for settlement purposes only and hereby certifies a settlement class as set forth above *subject to further review* of the Court. (emphasis added).

The preliminary order also made specific findings on adequacy of representation, designated plaintiffs Scott and Knight as Class Representatives ("the plaintiffs"), and made a finding that their counsel provided adequate representation:

> The Court preliminarily finds that Class Counsel have provided adequate representation to the Settlement Class. Class Counsel conducted a factual investigation, conducted discovery, engaged in motion practice, and performed an analysis of the relevant facts and law,

both with regard to class certification and the merits of the action.

The trial court then preliminarily approved the terms of the settlement and ordered a fairness hearing to be conducted on December 10, 2001, at which time the court will determine, based on the record made at the hearing, whether the settlement is fair and reasonable.[1]

Following the April 11 preliminary order, appellants intervened, thus becoming parties to the lawsuit after the initial order was entered. Appellants Robinson and Harrison joined the suit on April 20. On April 27, appellant Peters filed a plea in intervention, requesting creation of a subclass (which he and his counsel would represent) for members who had incurred fees under the rental period fee program. On May 24, appellants Crutchfield and Holtzman filed their plea in intervention.

The intervenors were given an opportunity to voice their concerns about the preliminary order. On May 1, Robinson and Harrison filed motions to vacate the preliminary order and to stay this action in favor of other actions, particularly a case referred to by the parties as the *Cohen* action, pending in Illinois. The trial court here was considering suggestions from plaintiffs and Blockbuster to make changes to the original Settlement Agreement and to vacate an anti-suit injunction. As an example of the trial court's willingness to reconsider its ruling, we note that at a hearing on May 7 the trial court provided the plaintiffs' counsel in the *Cohen* action, who was present in the courtroom, an opportunity to offer argument and evidence in opposition to the preliminary settlement class, including the proposed amendments. With respect to this opportunity, the trial court noted as follows:

> against Blockbuster pending resolution of the class settlement, but the injunction was later vacated.

---

1. The court initially included an anti-suit injunction prohibiting members of the settlement class from prosecuting other actions

The Court has carefully considered those submissions and arguments. In this regard, counsel for the parties in this Court specifically asked the plaintiffs' counsel in the *Cohen* action whether they had any comments, criticisms, or suggestions for improvement of the settlement. Plaintiffs' counsel in the *Cohen* action provided none.

The trial court approved the addendum to the Settlement Agreement and on May 25 amended the preliminary order to clarify that the class claims included claims under both types of fee programs, to vacate the injunction, and to modify the form of class notice to reflect these changes.

On May 25 appellants Robinson and Harrison renewed their motion to vacate the preliminary class settlement order and to stay the case in favor of the *Cohen* action in Illinois; they raised various criticisms of the proposed settlement, including a challenge to the plaintiffs' adequacy as class representatives.

Giving due consideration to appellants' objections, the trial court on May 30 again considered the motion to vacate, denied appellants' various motions concerning the preliminary order, and ordered that notice be sent to the proposed class. This Court and the Texas Supreme Court denied emergency relief, and notice was sent to the class. The notice does the following: informs the class members of this pending class action and the terms of the class settlement; informs the recipients that other similar class actions are pending around the country and lists the specific states in which they are pending; and sets forth the definition of the class and lays out both the consideration that will be provided to class members who file claim forms and the process for making claims. The notice also informs the members that they can opt out of the class settlement and describes the procedure and timing for requesting exclusion; tells members that they will be bound by the settlement if they do not opt out; and conversely notes that they can participate in other pending actions or file their own claims only if they request exclusion. Finally, the notice states that the members can file objections and appear at the fairness hearing that will take place on December 10, 2001.

Appellant Peters filed his notice of appeal to this court on April 27, 2001. Appellants Robinson and Harrison filed their notice of appeal on May 9. On June 7, appellants Crutchfield and Holtzman filed a notice of appeal of the April 11 order and the amended order. Robinson and Harrison then filed a supplemental interlocutory appeal of the amended order on June 15, 2001.

CHALLENGE TO THIS COURT'S JURISDICTION

 First we consider a jurisdictional challenge. Blockbuster contends that appellants raise issues over which this Court has no jurisdiction. Specifically, Blockbuster argues that Crutchfield and Holtzman did not timely file their appeal and it must be dismissed for lack of jurisdiction, because they waited until after the amended class certification order to file their appeal. Blockbuster apparently argues that the second order is not appealable because it effects no substantial change in the first order, and that the April 11 order is the operative one from which an appeal must be timely made. We disagree. Tex.R.App. P. 29.5 provides:

> While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from, and may proceed with a trial on the merits. But the court must not make an order that:
>
> (a) is inconsistent with any appellate court temporary order; or

(b) interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.

Here the trial court made a further order that is not inconsistent with any appellate order and does not interfere with or impair our jurisdiction or the effectiveness of any relief we may grant. In effect, we consider the orders together as constituting an appealable order; the amended order simply carries forward the substance of the first order and makes certain additions. Crutchfield and Holtzman intervened on May 24, 2001, and appealed both orders on June 7, 2001. We conclude we have jurisdiction to consider their appeal. The earlier appeals filed by the other appellants are deemed filed subsequent to the signing of the order their appeal assails. *See* TEX. R.APP. P. 27.3; 29.6.

Furthermore, we treat the trial court's three orders—the orders signed April 11, May 25, and May 30—as being related to the Rule 42 analysis herein. We have jurisdiction over this interlocutory appeal and those issues subsumed within it.

## THE ADEQUACY OF THE TRIAL COURT'S ANALYSIS

Appellants challenge the adequacy of the trial court's analysis of the requirements for classes as set forth in Rule 42 of the Texas Rules of Civil Procedure. In *McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227 (Tex.2001), decided after the trial court's orders here, the Texas Supreme Court held that a trial court must perform a rigorous analysis of a settlement-only class action before certifying the class. *Id.* at 232. The trial court must exercise heightened scrutiny to make certain that absent class members are adequately protected. *Id.* The Texas Supreme Court was critical of the trial

court's decision in that case to send out class notice before the trial court conducted a careful Rule 42 analysis. *Id.* at 233. As we read the opinion, the Texas Supreme Court was concerned that a so-called preliminary certification would have determinative effects once the class notice was distributed. *Id.* at 233. In response to the argument that a class notice—distributed upon preliminary class certification—allows the proposed members to challenge both the certification of the class and the settlement terms at the fairness hearing, the Court stated as follows:

> But class notice distributed *after* the trial court conducts a careful Rule 42 analysis achieves the same purpose and provides absent class members greater protection.

*Id.* at 233–234. (emphasis added). The Court held that "[a] fairness hearing is no substitute for rigorous adherence to Rule 42's class-action criteria." *Id.* at 234.

 We interpret *McAllen* as requiring—at a minimum—the trial court to rigorously analyze, and give heightened scrutiny to, Rule 42's criteria before the order is given effect by issuance of class notice. As a rule, the hearing is to be on the record and, of course, conducted before even a preliminary certification of the class. However, we focus on the purpose for the rigorous analysis and heightened scrutiny, which is to protect absent class members. The exact timing and procedure used are not determinative; we look at the circumstances in each case to assure that the trial court timely conducts the required rigorous analysis, and before the order is implemented. Here, the circumstances are unusual; but the trial court rigorously analyzed Rule 42's criteria before the class notice was distributed.

The trial judge's heightened scrutiny is evident in the record. We consider the trial court's three orders together: the initial order of April 11, the order of May 25 modifying the April 11 order and modifying class notice, and finally the order of May 30, 2001, denying the motions to vacate or amend. Notice was not distributed to the class members until June 2001. Appellants had the opportunity to make their arguments to the trial court and to provide the evidence to support their positions before the preliminary order was implemented. The trial court carefully reconsidered the preliminary order of April 11 and reaffirmed the original order. Not only was the trial judge provided with appellants' arguments and evidence for his consideration, but he was also provided transcripts of hearings before the trial judge in the *Cohen* case, wherein the trial judge made evident his hostility to the certification of this settlement class and raised concerns that he wanted the trial judge here to consider. The record reflects the trial court considered those concerns.

Appellants challenge the changing nature of plaintiffs' claims and the speed of the trial court's preliminary approval of the certification of the class settlement. These complaints ignore significant factors which counterbalance their concerns. First, the trial court already was familiar with this litigation as it had been pending in its court for a year; the trial court previously had considered discovery issues and legal issues in connection with a motion to compel and a motion for summary judgment. Second, this settlement is not complex. Third, the trial court reconsidered its initial order over almost a two month time frame and held two additional hearings before permitting class notices to be distributed. The initial order was modified and the class notice was modified after a hearing on the record and before the class notice was distributed in June

2001. Finally, appellants were given full opportunity to contest the certification and proposed settlement before the order was implemented by distribution of the class notice.

■ Under these circumstances, to say that the trial judge here did not rigorously analyze Rule 42's criteria and employ a heightened scrutiny standard before the class notice was distributed would be wrong. Though much of the trial court's consideration occurred after the judge signed the initial certification order on April 11, in this case the initial order of April 11 was truly preliminary. Class notice was not issued until two more hearings were held, objections were heard from the appellants, a motion to vacate was heard and overruled, and the class notice was modified. Procedurally, this was all accomplished before the order was implemented by distributing class notice. Unlike the trial court in *McAllen*, which allowed class notice to be distributed "without first determining that Rule 42's typicality and adequacy-of-representation requirements [were] met," here the trial court repeatedly considered those issues before allowing distribution of class notice. *Id.* at 233. Under these circumstances, we hold that the trial court's procedure was adequate in rigorously analyzing the certification requirements before finally deciding on May 30 to permit the class notice. We overrule appellants' first issues.

### The Trial Court's Jurisdiction to Amend the Order

Appellants Crutchfield and Holtzman argue in their issue two that the trial court lacked jurisdiction to amend its original order while this case was on appeal. Appellants Robinson and Harrison argue that the appeal also prevented the trial court

from entering an amended order that would interfere with or impair the effectiveness of the relief sought in this appeal.

■ Appellants Crutchfield and Holtzman cite TEX. CIV. PRAC. & REM.CODE § 51.014(b), which at the time the orders were entered provided that "[a]n interlocutory appeal under Subsection (a) shall have the effect of staying the commencement of a trial in the trial court pending resolution of the appeal." Act of May 27, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, *amended by* Act of April 10, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3389 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon Supp.2002)). Their reliance on this statute is misplaced. The statute stays only the commencement of a trial. The trial court retained jurisdiction to amend the order during the interlocutory appeal. *American Home Products Corp. v. Clark*, 38 S.W.3d 92, 96–97 (Tex.2000).

Appellants Robinson and Harrison apparently rely on TEX.R.APP. P. 29.5(b), which provides in part that a trial court cannot make any order which "interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal" while the interlocutory appeal is pending. We do not believe this rule precludes a trial court from continuing to engage in a rigorous analysis of Rule 42's criteria before permitting class notice to be distributed. We overrule this issue.

### STANDARD OF REVIEW OF CLASS CERTIFICATION

■■ A trial court's decision to certify a class is reviewed using an abuse of discretion standard. *E & V Slack, Inc. v. Shell Oil Co.*, 969 S.W.2d 565, 567 (Tex. App.—Austin 1998, no pet.). This standard of review requires an appellate court to consider the evidence in the light most favorable to the trial court's order while indulging every presumption in favor of the ruling. *Id.* Merely because an appellate court might resolve a dispute differently does not mean the trial court abused its discretion; the trial court, not the appellate court, has the job of exercising discretion. *See id.* We decide only whether the trial court abused its discretion. In their issue two, appellants Peters, Robinson, and Harrison argue that the trial court abused its discretion in entering the order and subsequent orders giving preliminary approval to the settlement and certifying the class.

Appellant Peters argues first that the procedure used to certify the class was an abuse of discretion. This is the same argument we rejected above in issue one. Substantively, Peters then argues the following: the class representatives do not adequately represent members who are paying late fees under the new program implemented by Blockbuster; the class representatives interests are antagonistic to those of Peters and members paying late fees under the new program; the class representatives have not vigorously prosecuted claims relating to the new program; Peters' rights can only be protected by the renegotiation of the settlement after the creation of a sub-class regarding the new program; the right to opt-out does not adequately protect Peters' rights; and the settlement agreement should not have received preliminary approval.

Appellants Robinson and Harrison incorporate most of Peters' arguments in their appeal. Then they assert that class representatives Scott and Knight are inadequate to represent the class or a sub-class of persons who paid late fees to Blockbuster under Blockbuster's new program, and that the class representatives have no standing to assert class claims.

Appellants Peters, Robinson, and Harrison argue in their issue three that the trial court violated the rights of the class members to procedural due process under the Texas Constitution and the United States Constitution by certifying an overly broad class with diverse claims and appointing class representatives that do not adequately represent the interests of all class members.

Essentially, all of these arguments in issues two and three substantively address the adequacy of class representation and the typicality of claims requirements of Rule 42.

### SETTLEMENT NOT RIPE FOR REVIEW

■ Before beginning our analysis of these issues, we note that the merits of the settlement are not ripe for review by this Court. *See McAllen Med. Ctr., Inc.*, 66 S.W.3d at 232. The fairness hearing set for December 10 will be devoted to the merits of the settlement. The trial court has simply indicated preliminary approval and has already entertained criticisms of the merits of the settlement. In this appeal we consider the terms of the settlement only "insofar as they may relate to reviewing the certification order[s]." *Id.* We overrule as premature all of appellants' issues challenging the court's preliminary approval of the settlement terms. Nothing in this opinion should be interpreted as approving or disapproving any aspect of the merits of the settlement.

### ADEQUACY OF REPRESENTATION

■ Appellants argue that the plaintiffs will not adequately and fairly protect the interests of the class. Their attack focuses on three areas: (1) whether plaintiffs' claims are antagonistic to the class; (2) whether the plaintiffs have standing to bring the claims of the class; and (3)

whether the plaintiffs will vigorously prosecute the class's claims. Adequacy of representation is a question of fact addressed to the sound discretion of the trial court, and the trial court does not abuse its discretion in finding adequacy if there is evidence to support the finding. *See Glassell v. Ellis*, 956 S.W.2d 676, 681–82 (Tex. App.—Texarkana 1997, pet. dism'd w.o.j.); *Group Hospital Serv., Inc. v. Barrett*, 426 S.W.2d 310, 315 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

■ Only a conflict that goes to the very subject matter of the litigation will defeat a finding of adequacy. *Nissan Motor Co., Ltd. v. Fry*, 27 S.W.3d 573, 583 (Tex.App.—Corpus Christi 2000, pet. denied); *Adams v. Reagan*, 791 S.W.2d 284, 291 (Tex.App.—Fort Worth 1990, no writ). Speculative allegations concerning potential conflicts are insufficient to show that the trial court abused its discretion in finding the representatives to be adequate. *Employers Cas. Co. v. Texas Ass'n of School Boards Workers' Compensation Self–Ins. Fund*, 886 S.W.2d 470, 476 (Tex. App.—Austin 1994, writ dism'd w.o.j.).

■ In a settlement class, class conflicts may arise regarding the terms of the settlement. *McAllen Med. Ctr.*, 66 S.W.3d at 231; *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *In re General Motors Corp. Pick–Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768, 788 (3d Cir.1995). Appellants argue that the settlement class creates an improper distinction between class members who paid extended viewing fees before February 2000 under the per diem policy and class members who paid extended viewing fees after February 2000 under the rental period fee policy. However, there is evidence in the record that claimants in the class settlement are treated the same under both programs.

Because the consideration given in settlement is based upon the aggregate amount of fees incurred, class members' relative injuries are compensated regardless of the program under which the fees were incurred. The settlement does not appear to create distinctions and does not give rise to the type of unequal treatment at issue in *Amchem.* The trial court had discretion in determining whether a class conflict existed. We find no abuse of that discretion.

■ In attacking the adequacy of the class representatives, appellants also argue that the plaintiffs do not have standing to assert class claims for fees incurred under the rental period fee program. However, in plaintiffs' Third Amended Petition, plaintiffs specifically allege a personal claim for such fees. All that a class plaintiff need allege is a direct injury caused by alleged wrongful conduct. *See Cedar Crest Funeral Home, Inc. v. Lashley,* 889 S.W.2d 325, 330 (Tex.App.—Dallas 1993, no writ). The class plaintiffs herein satisfy this requirement.

Appellants argue that the plaintiffs have failed to establish the requisite standing in light of *The M.D. Anderson Cancer Ctr. v. Novak,* 52 S.W.3d 704 (Tex.2001). There, the Texas Supreme Court dismissed for want of jurisdiction the claims of a class plaintiff who had suffered no injury, and therefore lacked standing. *Id.* at 711. Here, the plaintiffs have incurred fees for which they seek recovery, and they have alleged wrongful conduct by Blockbuster in charging such fees. Plaintiffs have standing. *See Hi–Lo Auto Supply v. Beresky,* 986 S.W.2d 382, 386 (Tex.App.—Beaumont 1999, mand. denied) (Allegations of wrongdoing and resulting injury are sufficient to give standing.).

Appellants also urge this Court to consider evidence which appellants did not present to the trial court before the trial court ruled on their motions and allowed the class notice to be distributed. We decline to consider evidence not in the record. The trial court can consider any admissible evidence at the fairness hearing. Furthermore, in *TCI Cablevision of Dallas, Inc. v. Owens,* 8 S.W.3d 837, 843 (Tex.App.—Beaumont 2000, pet. dism'd by agr.), this Court held that a class plaintiff's representation may extend to other defendants who have a "juridical relationship" to the defendant that allegedly caused plaintiff's injury. *See also Texas Commerce Bank Nat'l Ass'n v. Wood,* 994 S.W.2d 796, 807 (Tex.App.—Corpus Christi 1999, pet. dism'd w.o.j.). In *TCI Cablevision,* this Court held that a corporate affiliation was sufficient to support such a link. 8 S.W.3d at 843. Here, the link between Blockbuster and its franchisees may be sufficient under *TCI Cablevision.*

■ That counsel negotiates a settlement cannot by itself make representation inadequate, or there would never be any settlement of class claims. The trial court was aware of facts supporting plaintiffs' prosecution of these claims. The suit was pending over a year before certification. Discovery had been taken and a discovery dispute hearing was held by the trial court. Motions for summary judgment were filed and under consideration by the trial court. The court looked at these factors and others and found class counsel to be adequate. Plaintiff Knight had obtained a partial summary judgment on one issue. The trial court did not abuse its discretion in finding that class representation was adequate and that class counsel was adequate. We overrule appellants' issues relating to adequacy of representation.

### TYPICALITY OF CLAIMS

■ Appellants argue that the plaintiffs' claims are not typical of the class claims. The typicality requirement is sat-

isfied when the claims or defenses of the class representatives have the same essential characteristics as those of the class as a whole. *Chevron U.S.A. Inc., v. Kennedy,* 808 S.W.2d 159, 162 (Tex.App.—El Paso 1991, writ dism'd w.o.j.). The claims need not be identical or perfectly coextensive, only substantially similar. *Id.*

In *Chevron,* the court found the claims of the named plaintiff to be typical even though the amount of royalties due varied from class member to class member, class members were subject to different leases with different royalty provisions, and proration requirements varied from unit to unit. *Chevron,* 808 S.W.2d at 162. The court there overruled these attacks on typicality, after noting that, regardless of the differing amount of damages among the class members, the underlying theory was the same for all class members, whether the lessee had wrongfully withheld royalties. *Id.* Here, the unifying issue is whether the fees charged by Blockbuster were excessive and unauthorized. The trial court did not abuse its discretion in finding typicality here. We overrule all of appellants' issues attacking typicality.

THE CLASS NOTICE

In their issue three appellants Crutchfield and Holtzman attack the adequacy of the class notice; appellants Robinson and Harrison address the class notice in their issue seven. The April 11 preliminary settlement class order approved the form of class notice contained in the Settlement Agreement. On May 25, 2001, the trial court approved an amended class notice that carried the types of late fees covered by the settlement and provided more extensive details about the proposed class settlement. Beginning on June 8, 2001, the class notice was published in various nationwide periodicals and on internet web-sites. Also, class notice was issued to customers at Blockbuster stores and at participating franchise locations.

Appellants generally complain that the class notice did not contain all of the details of the Settlement Agreement. The notice required by TEX.R. CIV. P. 42(c)(2) is "the best notice practicable under the circumstances." In order to comply with due process, the notice must apprise interested persons of the settlement and afford them the opportunity to present their objections with an explanation of the right to opt out. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811–12, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). One of the goals of class notice is to provide the absent class members with enough information to make an informed decision on whether to remain in the settlement class action or to opt out. *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 958 (Tex. 1996).

In a settlement class, the "material terms" of the settlement must be relayed to the class members. *Northrup v. Southwestern Bell Tel. Co.,* No. 13–00–377–CV, 2001 WL 670958, at *5 (Tex. App.—Corpus Christi, June 14, 2001, no pet. h.). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Kortebein v. American Mut. Life Ins. Co.,* 49 S.W.3d 79, 86 (Tex.App.—Austin 2001, pet. denied) (quoting *Shutts,* 472 U.S. at 812, 105 S.Ct. 2965).

The goals of Rule 42 and due process were satisfied by the notice here. The notice informed the class members of the pendency of the class suit, the definition of the class, the location of the court in which the action was pending, and the fact that other similar actions are pending.

By providing the levels of compensation, advising members that they will receive certificates in varying amounts, and specifying the applicable period during which claims may be made, the notice described the terms of the settlement. The notice informed the members what they must do to opt out of the settlement and advised them that a hearing will be held in which they can present objections to the settlement.

■ Class members need not "be made cognizant of every material fact that has taken place prior to the mailing of their individual notice." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir.1977). Rather, the notice must "contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *Id.* at 1105. The notice in this case satisfies these criteria.

■ Notice that is too detailed and lengthy may be ignored entirely due to its complexity, thereby defeating the purpose of the notice. If the class members want a more explicit description of the settlement terms, they have access to the full settlement agreement. The notice here identifies the settlement agreement and informs the class that they may obtain a copy of the agreement by contacting class counsel or by visiting Blockbuster's web-site. Generally, a notice which prompts class members to investigate and which gives the class members the information they need to obtain complete information about the settlement is adequate. *See In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435, 1440 (9th Cir.1987), *rev'd on other grounds, California v. ARC America Corp.*, 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989).

We also reject appellants' complaint that the class notice does not fully inform the class members of the preclusive effect of the settlement agreement. The notice informed the class that those members who did not opt out would be bound by the terms of the settlement. In *Shutts,* the Court stated that class notice need only "describe the action" and inform members of their right to present objections or to opt out in order to comport with due process. 472 U.S. at 811–12, 105 S.Ct. 2965.

In bold type, the class notice here informs the class that they will bound by the settlement if they do not opt out:

> **If the settlement is approved by the Court, unless members of the Settlement Class exclude themselves from the Settlement Class, they will be barred from bringing their own lawsuits for recovery for claims that in any way relate to Blockbuster's or participating Blockbuster franchisees' policies relating to extended viewing fees or nonreturn of video or other rental item fees.**

(emphasis in original). Conversely, the notice alerted the class that they would not be bound if they were to opt out:

> If you validly and timely request exclusion, you will be excluded from the Settlement Class, you will not be bound by the final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Blockbuster relating to the subject matter of the Litigation.

The class notice alerted members that other class suits were pending against Blockbuster in certain identified states. In *San Juan 1990–A, L.P. v. Meridian Oil, Inc.*, 951 S.W.2d 159, 165 (Tex.App.—Houston [14th Dist.] 1997, pet. denied), the court held that the notice did not need to tell class members that other class suits were pending. Specifically, the court held

as follows: "The notice need not include information about a parallel proceeding in another court." *Id.* The class notice here informed the class that similar class suits were pending in other courts. It also informed the members that, if they wanted to participate in those class suits or to bring their own claims, they must request exclusion from the class in this case.

We overrule appellants' issues attacking the class notice.

### THE PENDENCY OF THE *COHEN* CASE

Appellants Robinson and Harrison argue in their issues four, five, and six that the trial court erred in not deferring to another class action, the *Cohen* case, pending in Illinois. These issues raise directly the difficulty trial courts face with dueling class actions.

 After the trial court signed its preliminary settlement class order, appellants filed motions to vacate the order and stay the settlement proceeding in favor of the *Cohen* action. We hold that the trial court's May 30 order is reviewable only to the extent that it involves the trial court's ongoing consideration of the class action requirements. The trial court's action, as it related to comity, was an incidental ruling within its discretion; that consideration is not reviewable by interlocutory appeal because the trial court declined to issue an injunction or otherwise appealable order. To the extent the issues relate to the trial court's consideration of class action requirements, we have already explained our rejection of these issues and need not repeat our analysis here. The issues relating to abatement of this case in deference to the *Cohen* litigation are overruled.

### CONCLUSION

We overrule all of appellants' issues and affirm the trial court's orders. We find no abuse of discretion by the trial court. Notice to the class members has been distributed and a fairness hearing has been set by the trial court for December 10, 2001. As the Texas Supreme Court stated in *McAllen Med. Ctr.,* "[C]lass members may still voice their concerns at the fairness hearing, and the trial court may alter, amend or withdraw its certification order at any time before final judgment to protect their interests." *McAllen* at ——, at *4. Nothing in this opinion in any way restricts the trial court's continuing authority to properly manage this litigation.

No motion for rehearing will be entertained by the Court. TEX R.APP. P. 49.4.

Because of the nature of our resolution of this appeal, we dismiss appellees' Motion to Abate as moot.

AFFIRMED.