Opinion issued November 13, 2003














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00187-CV




JAMES L. PATE, TERRY L. SAVAGE, H. JOHN GREENIAUS, BRENT
SCOWCROFT, LORNE R. WAXLAX, FORREST R. HASELTON, C. BERDON
LAWRENCE, JAMES J. POSTL, AND GERALD B. SMITH, Appellants

V.

PETER ELLOWAY, ON BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause Nos. 2002-16085 & 2002-20605
Consolidated




MEMORANDUM OPINION

           Appellants, James L. Pate, Terry L. Savage, H. John Greeniaus, Brent Scowcroft,
Lorne R. Waxlaw, Forrest R. Haselton, C. Berdon Lawrence, James J. Postl, and Gerald B.
Smith, defendants below (defendants), bring this interlocutory appeal of a class certification
order and a permissive interlocutory appeal of an order denying a motion to dismiss for lack
of subject matter jurisdiction. We affirm. 
BACKGROUND
           On March 25, 2002, Pennzoil-Quaker State Company (Pennzoil) and Shell Oil
Company (Shell) entered into a merger agreement providing that, if a majority of the
outstanding shares of Pennzoil were voted in favor of the merger, Pennzoil and Shell ND
Company, a wholly owned subsidiary of Shell, would merge. Under this agreement, Shell
would pay Pennzoil’s stockholders $22 per share and would assume Pennzoil’s debt and
other obligations. The Pennzoil board approved and recommended the merger to the
stockholders. 
           On March 28, 2002, John F. Havens, on behalf of all others similarly situated, sued
defendants, alleging breach of fiduciary duties in failing to obtain a fair price for the Pennzoil
stockholders and in engaging in self-dealing by obtaining insider benefits for themselves at
the expense of the stockholders. Havens requested injunctive and declaratory
relief—specifically, that defendants be enjoined from consummating the merger unless the
company implemented a process to obtain the highest possible price for shareholders—and
also requested rescission to the extent that the merger had already been implemented. A
similar suit was filed by Howard Lasker on April 24, 2002. These two suits were
consolidated. After a hearing on July 18, 2002, the trial court denied the request for a
temporary injunction. 
           More than 99% of the outstanding shares were voted in favor of the merger, and, on
October 1, 2002, Pennzoil and Shell completed the merger. Plaintiffs, including appellee,
Peter Elloway,


 filed a fourth amended petition, alleging that defendants breached their
fiduciary duty to the stockholders by an unfair process in connection with the merger that
resulted in a grossly inadequate and unfair price of $22 per share to the stockholders, by
failing to maximize the stockholder’s value in connection with the sale of Pennzoil, by failing
to provide full and fair disclosure of all material information related to the merger, and by
tailoring the terms of the merger to meet their own self-serving needs to the detriment of
plaintiffs and the class of Pennzoil stockholders. Plaintiffs sought damages and a
constructive trust in favor of plaintiffs upon benefits improperly received by defendants. 
           Defendants filed a second motion to dismiss for lack of subject matter jurisdiction. 
In that motion, defendants presented facts in defense of the process and procedures used in
the merger and argued that plaintiffs’ petition was conclusory and did not allege well-pleaded
facts, as required under Delaware law, to support plaintiffs’ claims to any direct injury.


 In
addition, defendants argued that plaintiffs were not entitled to bring a stockholders’
derivative suit because such a suit belonged to the corporation, which no longer existed. The
trial court denied the motion to dismiss and entered an order that an interlocutory appeal of
the denial should be permitted pursuant to section 51.014(d) of the Texas Civil Practice and
Remedies Code.


 
           The trial court also entered an order granting plaintiffs’ request for class certification. 
The trial court found that the requirements of numerosity, commonality, typicality,
predomination of common questions of fact or law, superiority of a class action over other
available methods of adjudicating the controversy, and development of a trial plan were
uncontested and were satisfied. The trial court also found that the requirement of adequacy,
both of the class representative and class counsel, was satisfied. The finding that plaintiff
Peter Elloway was an adequate class representative was based upon his involvement in the
prosecution of the case, his demonstrated knowledge of the factual and legal issues involved,
his understanding of the claims asserted, his knowledge of the identity of counsel or
counsel’s background, his knowledge of the procedural history of the case, his understanding
of his duties to the class, and his stated willingness to perform the duties of class
representative. The order certifying the class makes no reference to Havens or Lasker.
           Defendants filed an interlocutory appeal of the class certification and, with the
permission of this Court, an interlocutory appeal of the denial of their motion to dismiss for
lack of subject matter jurisdiction. 
DISCUSSION
Subject Matter Jurisdiction
           Defendants assert, and appellee does not dispute, that the trial court has jurisdiction
over appellee’s claims only if those claims are direct because appellee has no standing to
assert a derivative claim on behalf of a corporation that no longer exists. 
           A derivative claim is one that is brought by a stockholder on behalf of the corporation. 
Parnes v. Bally Entm’t Corp., 722 A.2d 1243, 1245 (Del. 1999). To have standing to assert
a direct or individual claim, a stockholder must allege an injury that is separate and distinct
from other stockholders or a wrong that affects a stockholder’s contractual right that exists
independently of any right of the corporation. Lipton v. News Int’l, Plc, 514 A.2d 1075, 1078
(Del. 1986). In the context of a merger, to state a direct claim, a stockholder must challenge
the fairness or validity of the merger itself, usually by charging the directors with breaches
of fiduciary duty resulting in unfair dealing or unfair price or both. Parnes, 722 A.2d at
1245. 
           Defendants contend that appellee does not have standing because his cause of action
is derivative. They present their subject-matter-jurisdiction issues in this appeal as follows:
1.Whether a claim for breach of fiduciary duty based on new benefit
agreements awarded to two of Pennzoil’s nine directors is, based on the
factual allegations in this case, direct or derivative in nature . . . . 
 
2.Whether a claim for breach of fiduciary duty based on the alleged
failure of directors to conduct an auction of a company before a change
in control is, based on the factual allegations in this case, direct or
derivative in nature . . . . 
 
3.Whether a claim for breach of fiduciary duty based on the alleged
failure of directors adequately to analyze and investigate a proposed
transaction is, based on the factual allegations in this case, direct or
derivative in nature . . . . 

By isolating these specific complaints in appellee’s petition, defendants fail to present an
issue that directly challenges appellee’s central complaint—that the merger was unfair and
the process resulted in an unfair price to the stockholders. However, defendants’ discussion
of the issues challenges the direct nature of appellee’s cause of action. We therefore construe
defendants’ issues as challenging the direct nature of appellee’s cause of action. See Tex.
R. App. P. 38.1(e). 
           We review de novo a trial court’s denial of a motion to dismiss for lack of subject
matter jurisdiction. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). To
determine whether the pleadings are sufficient to state a claim, we must accept all the factual
allegations as true and give the plaintiff the benefit of all inferences that may be drawn from
those facts. Parnes, 722 A.2d at1247. 
           Appellee alleged that the merger occurred “via an unfair process which resulted in a
grossly inadequate and unfair price of $22 per share.” He also alleged that the defendants
breached “their fiduciary duties of loyalty, candor, due care, independence, good faith and
fair dealing” in the cash-out of Pennzoil shares “by failing to maximize shareholder value”
and “by failing to provide full and fair disclosure of all material information related” to the
merger. Appellee further alleged that defendants “did virtually no preparation or due
diligence before accepting” Shell’s proposal, and contrasted defendants’ one-month period
to perform due diligence with Shell’s 15 months. Appellee alleged that defendants’
negotiation was based on an outdated strategic plan, which was “insular and took no note of
the industry as a whole” and that defendants approved the Shell offer “without ever shopping
the Company to other prospective parties or undertaking a market check.” Appellee’s
complaint regarding the new benefits granted two defendants was in the context of self-dealing transactions that occurred while the merger negotiations were ongoing and that gave
an incentive to the directors to approve the merger rather than to seek a more favorable price
for the stockholders. 
           Taking appellee’s factual allegations as true and giving them the benefit of all
inferences that may be drawn, we hold that appellee has challenged the fairness of the merger
itself and has, therefore, stated a direct claim. 
           Defendants also contend that appellee’s pleadings do not assert a direct cause of
action because the pleadings are conclusory and do not allege facts, as required under
Delaware law. Defendants argue that the requirement that facts be pleaded is substantive,
not procedural, and that, therefore, Delaware law controls. We disagree.
           “If the Texas Supreme Court considers a matter procedural by formulating a
procedural rule relating to that matter, we should not construe another state’s rule covering
the same matter as substantive.” Owens-Corning Fiberglas Corp. v. Martin, 942 S.W.2d
712, 721 (Tex. App.—Dallas 1997, no writ) (citing Penny v. Powell, 347 S.W.2d 601, 603
(Tex. 1961)). Rule 45 of the Texas Rules of Civil Procedure provides:
Pleadings in the district and county courts shall 

                      . . . .
 
(b) consist of a statement in plain and concise language of the plaintiff’s
cause of action or the defendant’s grounds of defense. That an allegation be
evidentiary or be of legal conclusion shall not be grounds for objection when
fair notice to the opponent is given by the allegations as a whole[.]

Tex. R. Civ. P. 45(b). We hold that plaintiffs’ fourth amended petition is sufficient to
provide fair notice to defendants of plaintiffs’ cause of action.


 
           Having held that appellee’s petition states a direct claim and that the petition is
sufficient to give fair notice of appellee’s claim to defendants, we overrule defendants’ first
three issues. 
Class Action
           In their fourth issue, defendants contend that the trial court erred in certifying appellee
as a proper class representative under Texas Rule of Civil Procedure 42(a). Defendants
challenge appellee’s representation of the class on the basis that he has not shown that his
claims are typical of the proposed class or that he will fairly and adequately protect the
interests of the class. We construe defendants’ issue as contending that the trial court erred
in certifying the class because appellee is not a proper class representative under rule 42(a).
           Appellee asserts that defendants have not preserved their complaint regarding
appellee’s typicality and points out that the class certification order states that the
requirement of typicality was not contested. Defendants counter that they contested
appellee’s typicality at the hearing on the motion for class certification, citing two pages in
the record in support of this argument. At that hearing, in their opening statement,
defendants stated the following:
Now, it was said just then we don’t protest typicality. Well, we do.
 
What I have here are three [gentlemen], each one of whom said they
weren’t aware of any failures to disclose. All that information came from their
attorneys. Well, is it a disclosure case? These guys don’t know about it. One
seeks no damages. One seeks a change in management. And one perfected his
appraisal rights and when nominated as a plaintiff in this case, on the Third
Amended Petition those appraisal rights were perfected. They were rescinded
only the day before his deposition. Now, please help me. Are those typical of
this class, the claim about these disclosures? 

Appellee was the plaintiff who perfected his appraisal rights and then rescinded them. 
Defendants do not explain in what way perfecting appraisal rights and subsequently
rescinding them makes appellee’s claims in the lawsuit atypical. Defendants’ written
response to appellee’s motion to certify the class and defendants’ sur-reply to the same
motion challenged only adequacy and did not mention typicality. We conclude that the vague
reference to a plaintiff who perfected and then rescinded his appraisal rights did not preserve
defendants’ complaint regarding appellee’s typicality. Defendants also argue, in a footnote,
that they “explicitly contested that the plaintiffs satisfied the typicality requirement” and
requested that adequacy and typicality be analyzed together. However, that challenge and
request was made only with respect to Lasker. We therefore consider defendants’ challenge
only to appellee’s adequacy as a class representative. 
           Defendants contend that appellee is not a proper class representative because he is
ignorant of the facts of the case, the facts he knows he learned from his lawyers, and he has
let his lawyers control the litigation.



           We review a trial court’s ruling on class certification for abuse of discretion. Henry
Schein, Inc. v. Stromboe, 102 S.W.3d 675, 691 (Tex. 2002). Although we do not indulge
every presumption in favor of the trial court’s ruling, the trial court’s determinations based
on its assessment of the credibility of witnesses must be given the benefit of the doubt. See
id. Adequacy of representation is a question of fact that must be determined by reference to
the individual circumstances of each case. Phillips Petroleum Co. v. Bowden, 108 S.W.3d
385, 398 (Tex. App.—Houston [14th Dist.] 2003, no pet. h.). The trial court does not abuse
its discretion in finding adequacy if there is evidence to support the finding. Peters v.
Blockbuster, Inc., 65 S.W.3d 295, 305 (Tex. App.—Beaumont 2001, no pet.). 
           Defendants contend that, because appellee did not demonstrate specific knowledge
about various details of the litigation and testified that much of what he learned came from
his attorneys, appellee does not meet the adequacy test. Defendants cite, as examples,
appellee’s admissions at his deposition (1) that he first read in detail a section of the proxy
statement at his deposition; (2) that he was not aware of any undisclosed financial
information; (3) that he could not recall all of the monetary benefits each of the defendants
was to receive, but were not disclosed; (4) that he could not recall any misstatements in the
proxy statement; (5) that he did not know whether Shell knew the amount of the fee to be
paid to Morgan Stanley, Pennzoil’s investment banker; (6) that he did not know how the
failure to disclose the amount of Morgan Stanley’s fee might have affected Shell’s offer
price; and (7) that he did not know how the size of anyone’s severance package might have
affected Shell’s offer price. Defendants also note that appellee testified at his deposition that
he had not done any of the following: read the transcript of the temporary injunction hearing;
reviewed the depositions of his co-plaintiffs, their expert, or Shell and Pennzoil employees;
reviewed the petitions that were filed before he entered the lawsuit; or obtained summaries
of any of the mentioned materials. At the class certification hearing, defendants established
that appellee did not know the names of most of his attorneys and made no effort to control
the litigation, but left the prosecution of the case up to the attorneys. When asked how he
learned of many specific facts, appellee testified that he depended on his attorneys for
information. He stated that his contribution to the pleadings in the case consisted of his own
personal information. 
           Plaintiffs respond that appellee demonstrated familiarity with the basic issues in the
case—that the stockholders did not receive a fair price for their shares and the directors and
officers breached their fiduciary duty to the stockholders. Appellee also testified that he had
a responsibility to ensure that the stockholders receive a fair price. 
           Appellee testified that he had reviewed Pennzoil’s annual reports, financial
statements, 10-Ks,


 10-Qs,


 quarterly statements, and proxy statement. He had read articles
relating to the merger in the Houston Chronicle and Forbes Magazine. He got involved in
the litigation after reading about the merger in the Houston Chronicle. He talked to the
attorney mentioned in the article (now appellee’s attorney), reviewed some documents in the
attorney’s office, attended the stockholders’ meeting, and, after the board of directors
decided not to pay a dividend, decided to become involved in the lawsuit. Appellee testified
that he had met with his attorney or others at the firm at least 10 times and, in addition, had
had at least 10 telephone conversations with them. He stated that he had reviewed
documents that were produced by the defendants, had met to review interrogatory answers,
and had provided the information in the interrogatories that specifically concerned him. He
also reviewed the petition that was filed on his behalf and the motion for class certification
before it was filed. He had also reviewed correspondence between two of the defendants and
a Shell memo. 
           Appellee testified that he understood that it was the duty of a representative plaintiff
to ensure that the class has adequate and expert counsel and that the attorneys work diligently
for an equitable and speedy conclusion, to stay in communication with the attorneys to ensure
the work was progressing, and to review all information regarding the case. He further
testified that he understood that he represented the other stockholders at the time of the
merger and that he was willing to represent them adequately and fairly. He testified that he
felt he had a basic understanding of the case. 
           The defendants in Weatherly v. Deloitte & Touche, like the defendants in this case,
argued that the proposed class representatives’ knowledge of the facts in their case originated
from the plaintiffs’ attorneys and that, therefore, the plaintiffs did not meet the adequacy test. 
905 S.W.2d 642, 652 (Tex. App.—Houston [14th Dist] 1995, writ dism’d, w.o.j.), abrogated
by Tracker Marine, L.P. v. Ogle, 108 S.W.3d 349, 351-52 (Tex. App.—Houston [14th Dist.]
2003, no pet.) (abandoning practice of postponing choice-of-law questions until after
certification). The Weatherly court stated that “in light of conspiracy and concerted scheme
allegations and the complex nature of securities law, it is unreasonable to expect class
representatives to possess detailed knowledge of the facts surrounding the potential fraud.” 
Id.
           We consider the reasoning of the Weatherly court to apply to this case. The financial
complexities of this case are such that it is unreasonable to expect the class representative to
have detailed knowledge of the facts underlying the claims. The trial court, as fact finder,
observed appellee’s demeanor and determined his credibility. We cannot say that the trial
court abused its discretion in determining that appellee had satisfied the adequacy
requirement and in finding him to be an adequate class representative. 
           We overrule defendants’ fourth issue.
CONCLUSION
           We affirm the trial court’s order granting class certification and the trial court’s
amended order denying defendants’ second motion to dismiss for lack of subject matter
jurisdiction. 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Jennings.